The State v. Maloney.

## THE STATE v. MALONEY, *Appellant.*

Division Two, November 21, 1893.

1. **Practice:** EVIDENCE: BILL OF EXCEPTIONS. The action of the trial court in admitting evidence will not be reviewed in the supreme court, unless its ruling was excepted to at the time and the exception properly saved.

2. **Practice, Criminal:** QUALIFICATION OF JUROR. In a prosecution under the statute for a subsequent offense after a discharge from the penitentiary under a conviction for a former and different offense, a juror who served upon the first trial is not, for that reason, disqualified from serving upon the second, where the essential features of the two offenses are entirely different and the former conviction is shown by the record, and the identity of the defendant is not denied.

3. ——: ALLEGATION AND PROOF. Where the indictment in such prosecution charges the first conviction to have been for an assault with intent to kill and the record introduced in evidence shows it to have been for maiming, wounding, etc., there is a total failure of proof and an instruction based upon an assault to kill is erroneous.

*Appeal from Hannibal Court of Common Pleas.*—HON. R. F. ROY, Judge.

REVERSED AND REMANDED.

*D. H. Eby* for appellant.

(1) The juror Abram Bird was not qualified to serve as a juror in this cause. He had prejudged the

question of defendant's former conviction, having served as a juror in the former case, wherein the indictment in this cause charges the defendant was convicted of the felony of "assault to kill." At the time of his *voir dire* examination, the identity of Abram Bird with the Abraham Bird who served on such former jury was not known to defendant. This was a case not simply of mistake as to name, but as to the person. *State v. Brooks*, 92 Mo. 542; Revised Statutes, 1889, sec. 4197; *State v. Gonce*, 88 Mo. 627. As soon as the identity was discovered, the defendant applied to the court for relief, by timely and proper application which was overruled; and defendant renewed his application in his motion for a new trial, the same being overruled. The defendant consequently did not have a fair and impartial trial. (2) The evidence introduced by the state showed that the defendant was not convicted of the felony of "assault to kill," as charged, and that the count in the former indictment charging such offense was quashed, and that the defendant was never tried thereunder. Such being the case, the court erred in submitting to the jury at all the question of defendant's former conviction of the crime of "assault to kill," and erred, therefore, in giving instruction number one, and in giving the instruction given by the court in response to the question propounded by the jury.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment is sufficient. It charges that the defendant had, in the Hannibal court of common pleas, been convicted of the crime and felony of "assault with intent to kill," and that *he complied with said sentence and was discharged.* Nothing more is required.

The State v. Maloney.

Revised Statutes, 1889, sec. 3959; *State v. Brown*, 115 Mo. 409; *State v. Austin*, 113 Mo. 538; *State v. Loehr*, 93 Mo. 103. (2) There was no error in overruling defendant's motion for new trial, notwithstanding the fact that juror Bird was a member of the former jury. This fact did not prejudice the defendant. There was no question as to the fact of his former conviction. The record evidence established it beyond controversy. He was accepted by defendant in his challenge of the jury, and whatever objection could have been raised by him, he waived. He will not be permitted to sit quietly by, permit the error, if error it be, take chances upon conviction, and be heard first to complain in his motion for new trial. *State v. Welsor* 117 Mo. 570; *State v. Elvins*, 101 Mo. 243; *State v. Musick*, 101 Mo. 260; *State v. Foster*, 115 Mo. 448. (3) The record evidence introduced clearly established the fact of defendant's former conviction of a felony, and that he had complied with the sentence. No objections being made to its introduction, nor exceptions saved at the time, it comes too late when first suggested in his motion for new trial. *State v. Foster, supra.*

BURGESS, J.—At the January term, 1893, of the Hannibal court of common pleas the defendant was indicted for robbery in the first degree. The indictment also charges that defendant had previously been indicted and convicted in the same court for assault with intent to kill, and his punishment fixed at two years imprisonment in the penitentiary. On the last trial defendant was convicted and his punishment fixed at imprisonment in the penitentiary for and . during his natural life. After an unsuccessful motion for a new trial, defendant prosecutes his appeal to this court.

On the trial of the case at bar, the state read in

evidence, without objection, the indictment, judgment, and sentence of the court and the entire record of the first case against defendant. The indictment in the case was in two counts; the first for assault with intent to kill, the other for maiming, wounding, disfiguring and inflicting great bodily harm. The record shows that on motion of defendant the first count was quashed and that the conviction was under the second and last count. The admission of this record is now assigned as error and insisted upon by counsel for defendant for reversal of this case. It does not appear from the record in this case that this action of the court was excepted to at the time and exception saved, and it is not, therefore, subject to review. *State v. Ramsey*, 82 Mo. 138.

The record discloses the fact that one Abram Bird, who was selected, qualified and served as a juror on the trial of this cause, was also one of the panel of jurors on the trial of the first cause, which was unknown to defendant at the time of his selection as a juror in the case in hand, nor was he informed of the fact until a portion of the evidence had been introduced, but as soon as he ascertained the fact, his counsel called the attention of the court to it and asked that the juror be discharged, which the court declined to do. This juror answered on his *voir dire* touching his qualifications as such that he had not formed or expressed an opinion as to the guilt or innocence of the accused, and was found by the court to be qualified to sit in the case, nor is there any evidence that he was not so qualified. While the defendant was entitled to a trial by an impartial jury, who had neither formed or expressed an opinion as to his guilt or innocence, the mere fact that one of the jurors sat as such on a former trial of defendant for a criminal offense, the record of which was read in evidence in this case

without objection, did not, by any means, render him incompetent to sit as a juror in the case at bar, the offense being an entirely different one in all of its, essential features. Defendant's former conviction was, shown by the record; the only evidence *aliunde* necessary, if any, being that of his identity, which was not denied, but even if such evidence had been necessary or introduced, the juror would not have been disqualified for that reason.

While the record of the former conviction of defendant shows that he had been convicted of *felonious* wounding, the court instructed the jury as follows: "The court instructs the jury that if they find from the evidence in this cause beyond a reasonable doubt, that, the defendant on the ninth day of October, A. D. 1890, in Mason township, in the county of Marion, and in the state of Missouri, in the Hannibal court of common pleas, within and for the townships of Mason and Miller, in said county, was charged with and convicted of the crime and felony of assault to kill, and afterwards, to-wit, on the eleventh day of October, 1890, was by said court sentenced to imprisonment in the penitentiary of the state of Missouri for the period and term of two years, and that defendant complied with said sentence and was discharged therefrom on the eleventh day of April, 1892, and if the jury further believe from the evidence in this cause beyond a reasonable doubt, that the defendant, after his discharge from the imprisonment as aforesaid, and within three years next before the eleventh day of January, A. D. 1893, at the township of Mason, in the county of Marion aforesaid, did make an assault upon Levi Leffel with force and violence, and did then and there with force and violence take and carry away from the person of said Levi Leffel any of the current money of the United States, to-wit, any gold or silver coin, or

paper money of the United States, of any value whatever, against the will of the said Levi Leffel, by force and violence against the person of said Levi Leffel, and that said money was then and there the property of the said Levi Leffel, and that the defendant then and there took said money as aforesaid with the intent on the part of said defendant to deprive said Levi Leffel of his said property, and to convert said money to the defendant's own use, and without any claim of right to said property on the part of said defendant, and without any belief on the part of said defendant that he, the said defendant, was the owner of said property, or some interest therein, and that said taking was from a depraved heart on the part of the defendant, then the jury will find the defendant guilty and assess his punishment at imprisonment in the penitentiary for the term of his natural life."

There was no evidence whatever upon which to predicate this instruction. An assault with intent to kill, and an assault for felonious wounding are two distinct offenses, and are so declared by our statute. An assault with intent to kill may be committed without any wounding. This evidence was not a variance from the allegation in the indictment in the case at bar, but an absolute failure of proof. For the error of the court in giving this instruction, the judgment will have to be reversed and the cause remanded, and it is so ordered. All concur.