# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI,

AT THE

## APRIL TERM, 1894.

---

THE STATE v. WILLIAMS, *Appellant*.

Division Two, May 8, 1894.

1. **Practice in Supreme Court**: WEIGHT OF EVIDENCE. The supreme court will not undertake to pass upon the weight of the evidence in jury trials in criminal cases in order to determine the guilt of the accused.

2. ———: IMPROPER REMARKS OF COUNSEL: EXCEPTIONS. The supreme court will not pass upon the propriety of alleged improper remarks of counsel in argument, although objected to when made, where no exception was saved at the time to the adverse ruling.

3. **Practice, Criminal**: ASSAULT WITH INTENT TO KILL: EVIDENCE. On the trial of a defendant for a felonious assault, it was error to admit evidence of relations between him and the minor daughter of the prosecuting witness not immediately connected with the difficulty and of such character as to prejudice the minds of the jury against defendant,

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*Jamison & Crites* for appellant.

(1) The appellant offers the following authorities on the objectionable evidence admitted by the trial court. It is error to permit the state to give evidence of other acts, committed at other times, upon other persons. *State v. Turner*, 76 Mo. 350; *State v. Reavis*, 71 Mo. 420; *State v. Greenwade*, 72 Mo. 299; *State v. Reed*, 85 Mo. 194. (2) Remarks prejudicial to the defendant's cause should not be permitted to pass unrebuked by the court when made in argument by the state's attorney before the jury. *State v. King*, 64 Mo. 591; *State v. Lee*, 66 Mo. 165; *State v. Barham*, 82 Mo. 67; *State v. Graves*, 95 Mo. 510; *State v. Young*, 99 Mo. 666; *Gibson v. Zeibig*, 24 Mo. App. 65.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) Appellant assigns as one reason for reversal that the verdict is contrary to the law and against the weight of the evidence. This court will not undertake to weigh the evidence or determine the question of defendant's guilt or innocence. So often has this court affirmed this doctrine that we deem it unnecessary to cite the authorities. (2) Where no exceptions are saved to the action of the trial court in ruling upon objections to remarks of counsel, the supreme court will not review such action. (3) Where no objection is made nor exception saved to the admission of testimony, the appellate court will not review the point.

*State v. Foster*, 115 Mo. 448. Where objectionable testimony is elicited by the party complaining, the error, can not be taken advantage of on appeal. (4) The appellant complains of the action of the trial court in refusing to withdraw by instruction from the consideration of the jury the testimony of Maud Porter, detailing her visits to the defendant and his letters to her; although the daughter of the prosecuting witness, Maud was the first witness sworn for the defendant, and testified to a state of facts, which, if believed by the jury, were sufficient to have warranted them in acquitting the defendant. Her position was hostile to the state, and the state had the right to show her interest and feeling in the matter—her animosity for the prosecution and her preference for the defendant—for the one purpose, if no other, of impeaching her testimony. This was all the state did, and was the object of the cross-examination, and the court committed no error in refusing the instructions asked.

BURGESS, J.—Defendant was convicted of assault upon one George Porter, with a pistol, with intent to kill, and his punishment fixed at three years in the penitentiary. From the judgment and sentence he appeals.

At the time of the difficulty, the defendant and Porter were neighbors living on adjoining lots in the town of Rolla. Porter's sixteen year old daughter, Maud, had been staying at the defendant's about one week and her father wanted her to come home as he seemed to think that defendant had some improper motive in keeping her there; had heard that defendant had bought her a trunk, which was proved to be true, and that he had said that he was going to send her off and then follow her. Maud did not want to go home

Vol. 121—26

but her father compelled her to do so. A day or two before the assault, defendant and Porter had some worded controversy over the girl. Defendant had, also, gone to Steelville and written her a letter from there. While Maud was staying at defendant's, he was living with a woman whom he claimed as his wife.

After the first controversy between the parties, defendant procured a pistol and some cartridges for it. At the time Porter took his daughter home from Williams' house, about the time he reached home with her, defendant came out of his house with a monkey wrench in his hand, picked up a couple of rocks and began cursing Porter. Porter and daughter went into the house and in a short time, when the family were at supper, the defendant went over and into the house, with a pistol in his hand, and began cursing and abusing Porter, when Porter's wife shut the door between the room in which the family were and the one in which the defendant was standing; defendant then ran out of doors and to a window of the dining room in which the prosecuting witness and family were, and pointed a pistol at Porter, Porter running into the front room. It appears that just before defendant went over with the pistol he fired one shot in his own yard. During this visit defendant said to Porter that he "allowed to get him by 10 o'clock next morning." The next morning Porter went down town to swear out a warrant for the arrest of the defendant, when defendant again followed him with a pistol and cursed and abused him. The pistol was not fired at or in the presence of Porter. Threats of the defendant were also proved. He did not testify as a witness in the case.

This court has so often decided that it would not undertake to pass upon the weight of the evidence in jury trials in criminal cases in order to determine

whether or not the defendant was guilty as charged, that it is deemed unnecessary to cite authorities with respect thereto. We, therefore, dismiss this subject without further comment.

Defendant complains of certain remarks by counsel representing the state during their argument to the jury, but while the record shows that objections were timely made, it does not show that exception was saved to the action of the court. In order that such matters may be the subject of review in this court, it is necessary that exception be duly saved, at the time of the adverse ruling of which complaint is made, otherwise there is nothing here to be passed upon. *State v. Maloney*, 118 Mo. 112.

Another contention is that the court committed error in admitting statements of different witnesses bearing on the relations between defendant and Maud Porter, but the only questions to which objections were made and properly saved were propounded to her as follows:

"*Q.* I will ask you if he (defendant) wrote you some letters from Steelville? *A.* Yes sir; he wrote me one; I suppose he wrote.

"*Q.* Did you and he have your pictures taken together? *A.* Yes sir, we did."

The objections to these questions should have been sustained. The evidence was only calculated to prejudice the jury against the defendant. However reprehensible his conduct may have been with reference to this young girl, such facts should not have been permitted to go to the jury. Such evidence we think could have been but prejudicial to the rights of defendant, who was entitled to have his case tried freed from the damaging effects that it must have had upon the minds of the jury. Nothing appeals stronger to the prejudices of mankind than such facts as were detailed

by the witnesses in this case with respect of defendant's relations with Maud Porter, his statements in regard thereto, as well also as her statements and actions. For the admission of this evidence the judgment must be reversed and the cause remanded for further trial. It is so ordered.    All of this division concur.