## Dr. W. A. WEST v. THE STATE.

*No. 702.    Decided May 11th, 1895.*

**1.    Local Option—Physician Illegally Giving Prescription—Information.**

See opinion, for charging part of an information for illegally giving a prescription by a physician, to buy whiskey in a local option district. Held: Sufficient.

**2.    Jury Law—Disqualification of Jurors.**

Jurors are not disqualified from sitting on the trial of a case simply because they sat in a similar case against the defendant, and had convicted him for a violation of the same law, but were not shown to have formed an opinion in the case to be tried.

**3.    Same.**

On a trial for violation of the local option law, in illegally giving a prescription, jurors are not disqualified because they stated they had an opinion as to defendant's guilt in violating the law, but had no opinion as to whether or not he had illegally given a prescription to a particular party to buy whiskey.

**4.    Same.**

On a trial for violation of the local option law, jurors are not disqualified because they had formed opinions that the election notices requred by law had been legally posted.

**5.    Same.**

The action of the court as to the examination of the qualifications of a juror, will not be inquired into where the record fails to show that such juror sat in the case.

**6.    Local Option Notices—Publication of in Newspaper—Order Declaring the Result of the Election.**

The order, declaring the result of a local option election, is not invalidated nor rendered inadmissible as evidence because the records of the Commissioners' Court

showed that the newspapers, in which the election notices were published, were selected by the Commissioners' Court, and not by the County Judge in person.

### 7. Evidence—Compelling Attorney to Produce Papers.

On a trial for illegally giving a prescription for liquor, in a local option district, where, after a witness, under a subpœna duces tecum, had brought said prescription into court, defendant's counsel got possession of the same, it was not error for the court to require the attorney to produce the same that it might be used in evidence.

### 8. Evidence.

Where it appeared from the evidence that the liquor was prescribed by defendant for the purpose of steadying the nerves, evidence that the party purchasing it carried it to a wagon yard, where he and others drank it, is not prejudicial to the defendant.

### 9. Same—Examination by Physician—Reasonableness of His Prescription.

See evidence summarized in the opinion, from which it is Held: That the amount of alcohol and beer prescribed by the physician, was too large even for an extraordinary case of nervous complaint.

APPEAL from the County Court of Brown. Tried below before Hon. CHARLES ROGAN, County Judge.

Appellant was convicted in the lower court for illegally giving a prescription to purchase intoxicating liquors in a local option district, without personally examining the applicant and finding him actually sick and in need of said liquor. The punishment assessed was twenty days confinement in the county jail, and a fine of $25.

The salient features of the evidence are clearly, but concisely stated in the latter portion of the opinion. The points discussed in the opinion are sufficiently elucidated therein without making a further statement.

*Jenkins & McCartney*, and *Drane & Bell*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried on information that "he did unlawfully and wilfully, as a regular practicing physician, give to one Sam See a prescription for the purpose of enabling the applicant, Sam See, to purchase intoxicating liquors without personally examining the said Sam See, and finding him actually sick and in need of said intoxicating liquor and stimulant prescribed as medicine," etc.; said prescription alleged to have been given in a local option precinct in said Brown county, describing same. We have carefully examined the information in said case, and, in our opinion, it is sufficient. Appellant assigns as error that the jurors Burton and McGaughey had sat in a similar case against the same defendant for giving a prescription for another party on another occasion, and had convicted him, and were therefore disqualified to try this case. Said jurors were shown to have formed no opinion as to the guilt or innocence of the defendant in this case, and we think they were qualified jurors. Nor were the same jurors disqualified because they stated that they had formed an opinion as to the guilt of the defendant in violating the local option law in Brownwood.

These same jurors stated they had no opinion as to whether or not defendant had illegally given Sam See a prescription to buy whisky which he was not authorized to do under the law.   Nor did the fact that all jurors summoned in this case may have formed opinions that the notices required by law had been legally posted affect their qualifications as jurors.   As to the juror Smith, we see no objection to the action of the court with reference to his examination as to his qualifications as a juror. The record, moreover, does not show that he sat as a juror in the case. As to the objection urged by appellant that the order declaring the result of the local option election was inadmissable, because the records of said Commissioners' Court showed that the paper in which the notices of the election are published was selected by the Commissioners' Court instead of by the County Judge himself.—the County Judge is presiding officer of said Commissioners' Court, and whether the newspaper was chosen by himself alone, or in connection with the commissioners, in our opinion, would make no difference.   Nor do we believe there was any error on the part of the court (after it, by process of subpœna duces tecum, had had the witness Payne bring into court the prescription on which the liquor was alleged to have been sold) to require the attorney of the defendant, into whose possession the prescription seems to have gotten, to produce the same in order to use as evidence in the case. Appellant also complains that testimony was admitted that after Sam See had procured the liquor on the prescription, and had gone to the wagon yard, he and others drank all of said alcohol, because he says the same was immaterial, and calculated to prejudice the defendant.   From the statement of facts, it appears that the alcohol was prescribed for the purpose of "steadying the nerves" of Sam See, and we fail to see that it would prejudice the defendant whether his patient drank the whiskey at a wagon yard or elsewhere, if that was the legitimate purpose for which the whiskey was prescribed.   The record discloses the fact that the physician making these prescriptions, which appears to have been gratuitously done, rather overdid the business in steadying the nerves of Sam See on this occasion.   It seems that the said party first applied to Dr. West, and alleged that he was sick and in need of a stimulant, and wanted a quart of alcohol; that he was at the time very nervous; and that his hands were trembling, and the doctor could see it; and that he wanted some of the alcohol for himself and some for a sick horse.   He procured a prescription for same.   He had it filled, but it seems that he afterwards discovered that, besides alcohol and whiskey, they kept beer at the same place.   He thereupon had the alcohol set aside, and went to Dr. West and told him that he preferred a milder stimulant; that he thought beer would do him better than alcohol.   The doctor gave him a prescription for two bottles of beer.   He got the two bottles, and drank them up.   The next day, being still very nervous, he again went to the defendant, and got a prescription for a dozen bottles of beer.   He bought all of these, and took three or four of them, and proceeded to drink them.   He afterwards went to the drug store and got his alcohol,

and he and others proceeded to drink that,—not even reserving any for the sick horse! It appears that Sam See was not permitted by the druggist to take away all the beer, the doctor himself interfering, and telling the druggist not to let him have any more. From this testimony, we presume that the jury concluded that the examination given by the physician was entirely too superficial. Under the circumstances, at least, the amount of beer and alcohol prescribed was in quantities too large for even an extraordinary case of nervous complaint. At any rate, they have so found, and we see no good and sufficient reason to disturb their verdict. Other errors assigned we do not deem of sufficient importance to require notice. The judgment is affirmed.

*Affirmed.*