## J. E. SCHRIMPSHER v. STATE.

No. A-5129. Opinion Filed Nov. 28, 1925.
(241 Pac. 201.)

Morris & Tant, for plaintiff in error.

George F. Short, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the district court

of Oklahoma county for the crime of conjoint robbery, the plaintiff in error, hereinafter called defendant, has appealed.

The record discloses that the defendant, together with one Homer Arthur and Lige Hopcus, were informed against for the crime of conjoint robbery. The case was tried on the 28th day of September, 1923. On the 25th day of September the defendant had been tried in the same court upon another charge of conjoint robbery, which trial resulted in a hung jury. On an examination of the jurors on their voir dire, it developed that 9 of the jurors of the 12 called into the box sat as jurors in the case against the defendant when tried on the 25th of September. The defendant exhausted all nine of his peremptory challenges, and there still remained upon the jury 2 jurors who sat in the other case. Counsel for defendant developed this state of facts rather fully, and questioned the jurors rather closely about their state of mind. To some of the questions seeking to develop the state of mind of the jurors by reason of their service in the other case objections were sustained, but, in the main, the court was fairly liberal in permitting interrogations upon the effect, if any, their having been on a prior jury would have. The jurors stated in substance that the fact that they sat on the other trial, upon the same kind of charge, and had made up their minds on the facts in that case, and had made up their minds on the credibility of the witnesses who testified in that case, would not influence them in the instant case.

The questions propounded disclose that in each case the defense was an alibi supported by the same witnesses, and depending, in part at least, on the same state of facts. It also appears that there was some conflict, or claimed conflict, between the evidence of these witnesses given at the former trial and the trial in the instant case. It is contended that this state of the record discloses a case of actual

or implied bias; that the jurors who served in the previous case were not impartial, as contemplated by the provisions of the Constitution; that the overruling of the challenge for cause was an abuse of discretion. The state contends that by the provisions of sections 2655, 2675, 2676, 2680, 2683, Comp. Stat. 1921, the Legislature has left to the sound discretion of the trial court the power to determine whether a juror is prejudiced, and when, under the state of facts as disclosed by the record, the court has so determined that a juror is impartial, that no legal objection to the juror exists, citing Howell v. State, 4 Ind. App. 148, 30 N. E. 714; Patterson v. State, 48 N. J. Law, 381, 4 A. 449; State v. Maloney, 118 Mo. 112, 23 S. W. 1084; West v. State, 35 Tex. Cr. R. 48, 30 S. W. 1069; Arnold v. State, 38 Tex. Cr. R. 1, 40 S. W. 734. These authorities, in the main, sustain the contention of the state. However, this court in the case of Temple v. State, 15 Okla. Cr. 176, 175 P. 733, held:

"In a prosecution for larceny of live stock, jurors impaneled for the trial may be challenged for actual bias, where it appears that on the day before they had rendered a verdict convicting the same defendant of forgery, where it appears that the testimony in the first case involved certain controverted questions of fact in issue in this case, and where the same witnesses will be called to give the same testimony on an issue the same in both cases. Such jurors are not 'impartial' jurors, within the meaning of the Constitution and laws of this state.

"The competency of a juror is, under the statute, a question to be determined by the trial court in the exercise of a sound discretion. The discretion given, however, is not intended to deprive the defendant of his right of trial by an impartial jury, and the statute cannot be regarded as changing in any degree the essential qualifications which jurors must possess.

"Whenever the fairness and impartiality of a juror is called in question, the trial court must be clearly satisfied that such juror is fair and impartial, and it is the duty of the trial court to resolve all doubts on this question in favor of the defendant."

There is this distinction, however, between the Temple Case and the instant case: In the Temple Case the trial court did not permit the examination of the jurors on their voir dire tending to disclose whether or not they would be influenced by the fact that they sat on the jury which had tried the defendant for another offense, while in the instant case the court did permit such examination, and upon the examination held the jurors not disqualified.

Inasmuch as it was made to appear that certain controverted questions of fact in issue in the former case were also in the instant case and developed by the same witnesses, the jurors who sat in the former case were not, in the meaning of the Constitution and statute, impartial jurors. True, the competency of a juror is a question to be determined by the court in the exercise of its sound discretion. This discretion should be determined by all the surrounding circumstances. The fact that jurors state on their voir dire that they have formed no opinion and can and will act fairly and impartially is not alone the test as to their competency. Johnson v. State, 1 Okla. Cr. 321, 97 P. 1059, 18 Ann. Cas. 300; Turner v. State, 4 Okla. Cr. 164, 111 P. 988; Scribner v. State, 3 Okla. Cr. 601, 108 P. 422, 35 L. R. A. (N. S.) 985.

If it were so, that would be permitting the jurors to pass on their own impartiality. It is obvious that, where jurors have heard evidence under their oath from witnesses duly sworn and examined in open court upon a controverted question of fact in one case, and have formed an opinion from such evidence, they are not in a position to pass impartially and uninfluenced upon such controverted question of fact in a subsequent case where the same witnesses again testify. We do not mean in this case to hold that by the mere fact that a juror sat in another case in the trial of a defendant he is thereby disqualified to act as a juror in a subsequent independent case, where none of the con-

troverted questions of fact are the same. Under the record before us the jurors who sat in the former trial were incompetent, and permitting them to serve deprived the defendant of that fair trial guaranteed by the Constitution.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.