# HERBERT JULIUS POPP v. STATE.

No. A-6727.   Opinion Filed August 24, 1929.
(280 Pac. 478.)

Crowe & Crowe, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county on a charge of selling intoxicating liquor and was sentenced to pay a fine of $500 and to serve six months in the county jail.

The state introduced the testimony of J. H. Harden and A. E. Smith, two undercover men living at Wichita, Kansas, and employed by the chief of Police at Enid. They testified that at the time charged they bought a half-gallon of whisky from defendant.

The principal contention is that the court, over the objection of defendant, permitted disqualified jurors to serve and he was thereby deprived of a fair trial.   The record is that just preceding the trial of this case Mrs. P. W. Popp, the mother of defendant, had been tried by

a jury on a like charge, 44 Okla. Cr. 145, 279 Pac. 975, which returned a verdict finding her guilty. In the trial of her case the same two witnesses used in this case, Harden and Smith, were the only witnesses against the mother. The sale by the son is alleged to have occurred at the same place a few days after the offense charged against the mother. Over defendant's challenge for cause, one of the jurors who had just tried the mother was retained on the jury in the trial of defendant in this case. One of the jurors in this case on voir dire testified:

"Q. Now then, do you think, having that knowledge in your mind, that this defendant is guilty at the present time? A. Yes.

"Q. Do you think at the present time that this defendant here is guilty of the crime charged against him? A. I don't know—or they would not bring him here.

"Q. You say he is or he would not be here if he was not? A. The chances are he would not be here."

Further, in response to leading questions by the county attorney and the court, the juror stated in substance that if he had a reasonable doubt he would decide in favor of defendant. Defendant was compelled to use one of his peremptory challenges to excuse this juror. Another juror who had just sat on the trial of the mother testified:

"Q. If the testimony of the two witnesses in this case should be substantially the same as that which they gave this morning in this other case, wouldn't you be inclined to believe it to be true? A. I believe I would.
\* \* \*

"Q. I say, if they testify in this case substantially as they did this morning, you would be more inclined to believe their testimony than you would be of other witnesses in the case? A. I believe so."

Although defendant exhausted his peremptory challenges, this juror remained on the panel and participated in the verdict.

It is true that the case against the mother was not the same cause for which defendant was being tried, but the state's witnesses were the same, the circumstances the same, the place at which the offense was alleged to have occurred was the same, the offense charged of the same kind. It is evident that under these circumstances a juror who had just tried the mother was disqualified to enter upon the trial of the son. The law permits the calling of talesmen to fill out a jury panel, and a reasonable desire to give an accused a fair trial would require that jurors under the circumstances narrated should be excused and if necessary talesmen called. Section 20, art. 2, of our Constitution, among other things, provides that in all criminal prosecutions the accused shall have a right to a trial by an impartial jury. Our attention has not been called to any case involving a similar state of facts, but in numerous cases we have said that where the fairness and impartiality of a juror is called in question, the trial court must be clearly satisfied that the juror is fair and impartial, and any doubt upon that point should be resolved in favor of accused. The mere fact that a juror may be of the opinion that he can try the case fairly and impartially is not alone the test as to his competency. Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733; Schrimpsher v. State, 32 Okla. Cr. 371, 241 Pac. 201.

The overruling the challenge for cause was prejudicial error, depriving defendant of a fair trial.

The case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.