## G. WEBER v. STATE.

No. A-6814.   Opinion Filed October 10, 1929.
(281 Pac. 987.)

L. M. Gensman, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 90 days.

The defendant first contends that the court, over the objection of the defendant, permitted disqualified jurors

to serve, and he was thereby deprived of a fair trial. The record is that at the same term of court, and about a week preceding the trial of the case at bar, the defendant had been tried by a jury on a like charge, which returned a verdict finding him guilty. The case against the defendant previously tried charged that the defendant had possession of intoxicating liquor on the 10th day of May, 1927, while the case at bar charged that the defendant had possession of liquor on the 27th day of August, 1927. Over defendant's challenge for cause, the jurors Holman, Shamley, McCloud, and Gregg, who had served on the jury which tried the defendant and found him guilty the week previously, and who testified on their voir dire that they had served as such jurors, were permitted to remain on the jury. The court overruled the defendant's challenge for cause. The defendant used his peremptory challenges to remove three of these jurors from the panel, but one of them remained on the jury, which found the defendant guilty in the case at bar. It is true that the state's witnesses were not the same, but the circumstances were the same, the place at which the offense was alleged to have been committed was the same, the offense charged of the same kind, namely, unlawful possession of intoxicating liquor, and the evidence required to convict was practically the same. It is evident that under these circumstances a juror who had tried the defendant at the same term of court was disqualified to enter upon the trial of the case at bar.

In the case o Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478, 479, this court had under consideration the question involved in this case in which this court said:

"Where the fairness and impartiality of a juror is called in question, the trial court must be clearly satisfied that the juror is fair and impartial, and any doubt upon that point should be resolved in favor of accused."

The mere fact that a juror may be of the opinion that he can try the case fairly and impartially is not alone the test as to his competency. Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733; Schrimpsher v. State, 32 Okla. Cr. 371, 241 Pac. 201.

For the reasons stated, the cause is reversed and remanded, with directions to the trial court to proceed with the trial of the case before a fair and impartial jury.

EDWARDS, P. J., and DAVENPORT, J., concur.