## G. WEBER v. STATE.

No. A-6813.  Opinion Filed October 10, 1929.
(281 Pac. 987.)

448

L. M. Gensman, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county on a charge of having unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for 60 days.

On the 19th day of May, 1927, S. A. Logan, an officer of Comanche county, obtained a search warrant to search the premises of the defendant, which consisted of a filling station and soft drink stand, with some rooms in the back part of the building, occupied as a dwelling by the defendant and his family. On arriving at the filling station, the officers entered, and soon after the defendant came from a room in the back of the filling station with a sack containing some bottles. The officers asked him what was in the sack and he told them beer. They asked what he was going to do with it, and he said he had traded it to some boys sitting in a car in front of the filling station, and was delivering it to them. Thereupon the officers seized the sack, which contained 8 bottles of beer. The officers then pro-

ceeded to search the back rooms, and in the dining room they found a tub with 40 bottles of beer on ice. About the same time a young girl ran out of the house with a half gallon jar of whisky, and threw it down by the henhouse. The officers seized this whisky, and on a search of the henhouse found a 12-gallon jar of beer there. They found several empty bottles in the kitchen and 120 empties in a room on the east side of the house.

The defendant first contends that the affidavit for the search warrant was insufficient to authorize the issuance of a warrant. The affidavit does not contain sufficient allegations to authorize the issuance of the search warrant, but the search and seizure can be justified on the ground that an offense was being committed in the presence of the officers. They had a right to seize the beer and arrest the defendant without a warrant. When the defendant came into the filling station with the 8 bottles of beer and told the officers that it was his beer, and that he was trading it to some boys out in front for some fish, and delivering it to them, this was not hearsay evidence, but was voluntary information furnished by the defendant, which was sufficient to authorize the officers to seize the beer, arrest the defendant, and search the premises. It was not error, therefore, for the court to overrule the motion of the defendant to suppress the evidence.

The search and seizure being legal and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.