# TOM MOFFITT v. STATE.

No. A-7030.   Opinion Filed Jan. 4, 1930.
(283 Pac. 1027.)

Hugh A. White, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Hughes county on a charge of having possession of intoxicating liquor with intent to barter, sell, or otherwise dispose of same, and his punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 90 days.

The record discloses that on the same day, and immediately preceding the trial of this cause, the defendant, Tom Moffitt, was placed on trial in the same court upon a charge of having sold a quantity of whisky. At the close of the state's case the court sustained a motion for a directed verdict of not guilty, on the ground that the

state's witness did not identify the defendant as the man who sold him the liquor.

It appears from the record that five of the jurors who tried the instant case sat upon the jury that tried the former case, and the sixth member of the jury that tried the instant case was in the courtroom during the former trial and heard all the testimony in that case. When the jury was being impaneled, defendant challenged for cause each of the six jurors, who returned the verdict against the defendant, upon the ground that each of said jurors had heard the testimony of the former trial, and that the knowledge of these material facts prohibited the defendant from having the fair and impartial jury guaranteed by the Constitution. The court, after questioning the jurors, overruled the defendant's challenge, and he now assigns this ruling of the court as his first error.

Under the Constitution and laws of this state, it is a fundamental principle that fairness and impartiality are prerequisite qualifications in all jurors who are called upon to try a defendant in a criminal action. Although the trial judge in this case asked the jurors whether what they had seen and heard in the former trial would affect their verdict in this case, and although their answer was in the negative, yet this court cannot say that, in light of all the facts and circumstances as presented by the record, the jurors in this case could have a fair, impartial, and unbiased attitude or opinion in rendering a verdict against this defendant.

In the case of Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478, 479, this court said:

"Where the fairness and impartiality of a juror is called in question, the trial court must be clearly satisfied that the juror is fair and impartial, and any doubt upon

that point should be resolved in favor of accused." Weber v. State, 44 Okla. Cr. 450, 281 Pac. 987.

The mere fact that a juror may be of the opinion that he can try a case fairly and impartially is not alone the test as to his competency. Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733; Schrimpsher v. State, 32 Okla. Cr. 371, 241 Pac. 201.

The defendant complains of other errors, but it will not be necessary to consider them at this time. For the reasons stated, the cause is reversed and remanded, with directions to the trial court to proceed with the trial of the case before a fair and impartial jury.

EDWARDS, P. J., and DAVENPORT, J., concur.