## DANIEL HARVEY v. STATE.

Nos. A-7247, A-7248.   Opinion Filed Feb. 28, 1930.
(287 Pac. 834.)

L. A. Justus, Jr., for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., and Edwin Dabney, Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cherokee county on a charge of rape in the first degree and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of fifteen years.

These two cases constitute but one appeal and are therefore consolidated. Counsel for defendant requested the court to impanel a jury to try the question of defendant's sanity and mental capacity to proceed with the trial. Thereupon a jury was duly impaneled as provided by article 18, chapter 7, C. O. S. 1921. The jury returned a verdict finding the defendant sane, and thereupon the court proceeded to impanel a jury for the trial of the defendant for the crime of rape as alleged in the information. It appeared from an examination of the jurors called into the box that a number of the jurors called had served as jurors in the trial of the sanity of the defendant and upon challenge for cause by the defendant were excused by the court.

It further appears from the record that four of the jurors constituting the jury which tried the defendant upon the charge of rape were members of the regular panel, were present in the courtroom and heard part of the evidence heard by the jury trying the sanity of the defendant, and were present in the courtroom and heard the verdict of the jury returned finding the defendant sane.

The defendant contends that because such jurors constituted part of the regular panel and had heard a portion of the evidence and were present in the courtroom when the verdict of the jury was returned finding the defendant sane, and because insanity was one of the defenses offered in the trial of said cause, and because the witness and evidence offered by the defendant were practically the

same as in the insanity hearing, therefore said jurors were disqualified to sit in said cause, and that by reason thereof he did not have that fair and impartial trial required by the Constitution and laws of this state. This court has uniformly held that defendant was entitled as a constitutional right to have a jury impaneled, free from any opinion as to the guilt or innocence of the defendant and free from bias or prejudice against the defendant because of anything they had heard or knew that would tend to prevent them from giving the defendant a fair and impartial trial. Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478, Weber v. State, 44 Okla. Cr. 447, 281 Pac. 987.

While it is of great importance that every guilty man should be speedily brought to justice and punished for his crime, it is of still greater importance that the citizens of Oklahoma should know that the courts of the state will secure to each and every one of them, it matters not how poor, friendless, or unpopular he may be, the full protection afforded by each substantial privilege and right guaranteed to them by the Constitution and laws of this state. The Constitution of Oklahoma and of the United Statees declare that no person shall be deprived of life, liberty, or property without due process of law. There can be no such thing as due process of law in the trial of a case where the defendant has been deprived of a material constitutional right. Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164, 1172.

It appearing from the record that some of the jurors impaneled in the trial of this cause were disqualified because of the matters complained of by the defendant, the court is of the opinion that the defendant was not tried before that fair and impartial jury contemplated by the Constitution and laws of this state.

Defendant complains of numerous other errors, some of which seem to have merit; but the view we take of this case renders it unnecessary to pass upon them at this time.

For the reasons stated, the cause is reversed and remanded.

EDWARDS, P. J., and DAVENPORT, J., concur.