# O. R. BILLS v. STATE.

No. A-7576. Opinion Filed Aug. 16, 1930.
(290 Pac. 935.)

Darnell & La Rue, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Custer county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $150 and 60 days in the county jail.

The evidence of the state was that the defendant sold a pint of whisky to one R. J. Smith on the 6th day of September, 1928. This evidence was corroborated by the witness D. E. Smith, who is a brother of the witness R. J. Smith. These witnesses were employed by the officers of Custer county to procure evidence of the violation of the liquor laws of the state. The trial court allowed defendant's counsel to vigorously cross-examine these witnesses, overruling all objections of the state, except that the witness was not permitted to answer questions of defendant's

counsel in substance as follows: If he had not partici-
pated in a street fight at Custer City; if he had not ap-
peared at a blacksmith shop in Custer City with a bottle of
whisky and asked different persons to drink out of it;
and if he had not hired L. Lewis and his wife to make some
beer for him. The court sustained objections to these
questions as not proper cross-examination, incompetent,
and immaterial.

The defendant, testifying for himself, denied that he
sold the witness Smith any intoxicating liquor. His wife
testified that no person bought any whisky there on that
day.

The defendant first contends that this evidence is in-
sufficient to support the verdict of the jury. The credi-
bility of the witnesses and the weight to be given their
testimony is for the jury, and where there is competent
evidence to support the verdict of the jury, this court will
not disturb such verdict.

The defendant next contends that the court erred in
overruling his challenge to the jury panel, for the reason
that the witnesses for the state in the case at bar had tes-
tified in the trial of three other cases against other de-
fendants at the same term of court, and such jurors were
thereby prejudiced and would be disqualified to sit. This
challenge to the panel was overruled and six of the regu-
lar jurors called into the box. The court permitted the
defendant to very rigidly examine the jurors on their voir
dire, and they all answered positively that the fact that
the Smiths had been witnesses in other cases would not
influence them in their verdict in the case at bar. Defend-
ant exercised two of his peremptory challenges and passed
the jury. After the jury had been sworn, the defendant
renewed his challenge to the panel, for the reason previous-

ly stated in this opinion, which challenge was overruled by the court.

In the case of Schrimpsher v. State, 32 Okla. Cr. 371, 241 Pac. 201, 202, this court said:

"Where it is made to appear that certain jurors called for the trial of a defendant sat in a previous trial of the same defendant on a similar charge, and where it appears that some of the controverted questions of fact in the case in which they are called as jurors are the same as in the case previously tried, and to be established in whole or in part by the same witnesses, such jurors are not 'impartial,' within the meaning of the statute and Constitution, and the permitting of such jurors to remain on the panel is an abuse of discretion, requiring a reversal."

See, also, Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478; Moffitt v. State, 45 Okla. Cr. 440, 283 Pac. 1027.

It will be noted that in Schrimpsher v. State and Moffitt v. State, supra, it was the same defendant being tried before practically the same jury; but we know of no rule that disqualifies a juror because of the fact that he has heard the testimony of witnesses in other cases at the same term of court, where the same witnesses are to be uesd in the trial of the case then about to be submitted to the jury, and counsel for defendant cite no authorities in point.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., concurs. DAVENPORT, J., absent, not participating.