## A. B. JEAN v. STATE.

No. A-7648. Opinion Filed Jan. 10, 1931.
(295 Pac. 233.)

Clay Snodgrass, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the county court of Greer county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $400 and imprisonment in the county jail for a term of 90 days.

Defendant contends, first, that where he makes a timely motion to exclude evidence obtained by reason of an allegedly void search warrant, he should be permitted to make proof to sustain said motion, and that, if the proof so adduced shows that the search warrant was void, the evidence obtained by said search warrant should be excluded.

It appears from the record that the defendant filed his motion to suppress the evidence obtained under the search warrant, first, because the affidavit and search warrant were insufficient on their face to authorize a search of defendant's premises; and, second, because, the search warrant having been served on Sunday the service was illegal and the evidence obtained by said search warrant inadmissible.

The trial court refused to permit the defendant to make any showing on the motion to suppress the evidence, holding that the evidence was admissible, search warrant or no search warrant, and further holding that that court was not bound by the decisions of the Criminal Court of Appeals.  In this the honorable trial judge is mistaken.  The Criminal Court of Appeals being the court of last resort in criminal cases, and having exclusive jurisdiction on appeal in the same, its interpretation of the laws of the state is binding on all courts of the state.  Defendant's motion to suppress the evidence being sufficient on its face, it was error for the trial court to refuse to

permit him to introduce any evidence in support of said motion.

In the case of Laub v. State, 49 Okla. Cr. 171, 292 Pac. 891, this court held that a search warrant could be legally served on Sunday only in those cases coming within 'he exceptions provided by law, and that such exceptions must be made to appear in the affidavit and search warrant.

Defendant next contends that the court erred in overruling his motion to quash the panel of the jury. It appears from the record that the defendant had been tried at the same term of court upon a charge of selling intoxicating liquor, and that four of the jurors who served in that trial were impaneled as jurors in the case at bar, after the defendant had exhausted his three peremptory challenges. This court has held it to be reversible error for the trial court, over the objection of defendant, to impanel a jury for the trial of the defendant from among those who had sat as jurors in the trial of a similar case against him at the same term of court. Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478; Moffitt v. State, 45 Okla. Cr. 440, 283 Pac. 1027.

For the reasons stated, the cause is reversed and remanded, with directions to the trial court to hear the defendant's evidence on his motion to suppress, and to proceed according to law in the trial of said case.

EDWARDS, P. J., and DAVENPORT, J., concur.