## JOHN LANE v. STATE.

No. A-7952.   Opinion Filed May 29, 1931.
(299 Pac. 923.)

A. V. Dinwiddie, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted on a charge of possession of spirituous liquor, with the unlawful and wrongful intent to barter, sell, give away, and otherwise furnish to others, and was sentenced to serve a term of 30 days in jail and pay a fine of $100, from which judgment the defendant has appealed.

The Attorney General has filed the following confession of error:

"The Attorney General is impelled to confess error in this case; a thing he very seldom ever does.   The error is confessed on the authority of the case of Popp v. State, recently decided by this court and reported in 44 Okla. Cr. 220, 280 Pac. at page 478.

"In this case it appears that the plaintiff John Lane was jointly charged in the county court of Logan county with one Carie Ingle, Theodore Bolton and Melvin Childs with having, on or about the 12th day of December, 1929, the unlawful possession of fifteen (15) gallons of whisky. It is undisputed that the same defendants were also jointly charged with the unlawful possession of a still on the same day and at the same time and place. It is also undisputed that the codefendant Carie Ingle was, on the morning of the day this defendant was convicted in this court, to wit, on the 24th day of April, 1930, separately tried in another case for the unlawful possession of this whisky still and was by a jury convicted in that case. The same witnesses were used to prove the possession of the still against Ingle as were used in this case to prove the possession of the whisky against Lane.

"It appears by this record that one member of the jury who sat in the case against Ingle was permitted by the court, over the exception and objection of counsel for the defendant, to sit also as a juror in this case, and this was done although the defendant had exhausted all his peremptory challenges and was compelled to use one of his peremptory challenges on another juror who had likewise sat in the Ingle case and whom the trial court also held to be qualified to sit in this case.

"In the case of Popp v. State, above referred to, this court held:

" 'Where certain jurors called for the trial of a defendant had just served in the trial of the mother of defendant on a like charge, and where the witnesses in the two cases are largely the same, and the fairness and impartiality of the jurors for this reason is called in question, such jurors are not impartial within the meaning of the statute and Constitution.'

"In the body of the opinion, it is said:

" 'Although defendant exhausted his peremptory challenges, this juror remained on the panel and participated in the verdict.

" 'It is true that the case against the mother was not the same cause for which defendant was being tried, but the state's witnesses were the same, the circumstances the same, the place at which the offense was alleged to have occurred was the same, the offense charged of the same kind. It is evident that under these circumstances a juror who had just tried the mother was disqualified to enter upon the trial of the son. The law permits the calling of talesmen to fill out a jury panel, and a reasonable desire to give an accused a fair trial would require that jurors under the circumstances narrated should be excused and if necessary talesmen called. Section 20, art. 2, of our Constitution, among other things, provides that in all criminal prosecutions the accused shall have a right to a trial by an impartial jury. Our attention has not been called to any case involving a similar state of facts, but in numerous cases we have said that where the fairness and impartiality of a juror is called in question, the trial court must be clearly satisfied that the juror is fair and impartial, and any doubt upon that point should be resolved in favor of accused. The mere fact that a juror may be of the opinion that he can try the case fairly and impartially is not alone the test as to his competency. Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733; Schrimpsher v. State, 32 Okla. Cr. 371, 241 Pac. 201.'

"It is apparent that the facts in this case are almost identical with the facts in the Popp Case, and the law therefore announced in that case would be controlling in this case, and the Attorney General believes that the law of that case should be followed in this case and for that reason confesses error accordingly."

After a careful examination of the record, the confession of error of the Attorney General is approved.

The case is reversed.

CHAPPELL and EDWARDS, JJ., concur.