## BILL KLUGAS v. STATE.

No. A-8188. Nov. 14, 1931.
Rehearing Denied April 9, 1932.
(9 Pac. [2d] 962.)

Grim & Grim, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cleveland county of having possession of a still, and was sentenced to pay a fine of $250 and to serve 90 days in the county jail.

The record discloses that, at the time charged, certain officers with a search warrant went to the farm of defendant some 9 miles east of Norman, and near the

boundary some 300 yards from his residence found a large still with burners and connections for a complete distillery, 12 empty mash barrels, some fresh run whisky, and about 100 empty sugar sacks. The still had been recently in operation. The place where it was found was inaccessible except a way passing in view of his residence. Defendant denied ownership or any knowledge of the still.

It is argued that the evidence is not sufficient to sustain the judgment. Without reciting or discussing the circumstances further, we are of the opinion the evidence is sufficient. Complaint is made that the court erred in overruling defendant's motion for a new trial on the ground he did not have an impartial jury. The case was tried October 17; prior thereto, on September 21, defendant had been tried on a similar charge and one of the jurors who sat in this case was on the jury in the former case. The voir dire examination is not in the record. Counsel for defendant states the usual perfunctory questions were asked the juror, but he was not asked about his having been a juror in any other case. He answered he knew no reason why he could not act fairly and impartially. Apparently neither counsel nor defendant recognized the juror as having served in any former case. Defendant is entitled to a fair jury, but it is incumbent upon him to use diligence in examination as a basis for the intelligent exercise of his challenges for cause and his peremptory challenges. This court has followed a liberal rule in allowing examination on voir dire and in the right of a defendant to have jurors who are not impartial excluded. Where it appears that the fairness and impartiality of a juror is called in question, the trial court must be clearly satisfied that the juror is fair and impartial, and any doubt upon that point should be resolved in favor of the accused. Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733;

Schrimpsher v. State, 32 Okla. Cr. 371, 241 Pac. 201; Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478; Weber v. State, 44 Okla. Cr. 450, 281 Pac. 987; Moffit v. State, 45 Okla. Cr. 440, 283 Pac. 1027. The fact that the juror sat in the trial of a similar case does not disqualify. 35 C. J. 325, § 343F, and authorities cited. It does not appear the juror concealed or failed to answer fully and truthfully any question propounded him on voir dire. The court did not err in overruling the motion for a new trial.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.