## E. F. STEPHENS v. STATE.

No. A-8233.   Nov. 21, 1931.
(5 Pac. [2d] 409.)

J. S. Estes and Charles G. Moore, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter called the defendant, was convicted in the county court of McClain county of selling intoxicating liquor, and was sentenced to pay a fine of $150, and to be imprisoned in the county jail for 30 days, and appeals.

The principal contention is that the court, over the objections of the defendant, permitted disqualified jurors to serve, and he was thereby deprived of a fair trial. The record shows that, preceding the trial of this case, Jim Skinner, an employee of the defendant, had been tried by a jury, on a charge growing out of the same transaction at the same place and at the same time, which returned a verdict finding Skinner guilty.   In the trial of the Skinner Case, the same prosecuting witnesses were used that were used in defendant's case.

The record discloses that, when the jury was called, the following named jurors who had served as jurors in the Skinner Case were called: Miser, Todd, Nix, Knight, Dyer, and Alcorn; and A. S. Wilson, who was a cousin of the prosecuting attorney; that in the examination of the jurors on their voir dire they testified they could render a fair and impartial trial according to the evidence. Each of the jurors named was challenged by the defendant and challenge overruled, and exceptions saved. The defendant was then forced to exhaust all of his peremptory challenges and to accept a jury with the juror Dyer, who had served in the Skinner Case, and A. S. Wilson, who was a cousin of the prosecuting attorney.

It is evident that under these circumstances a juror who had tried Jim Skinner was disqualified to enter upon the trial of the defendant. The law permits the calling of talesmen to fill out a jury panel, and a reasonable desire to give the accused a fair trial would require that the jurors under the circumstances narrated should be excused, and, if necessary, talesmen called. Section 20, art. 2, of our Constitution, among other things, provides that: "In all criminal prosecutions the accused shall have the right to a * * * trial by an impartial jury."

In many cases this court has said that, where the fairness and impartiality of a juror is called into question, the trial court must be clearly satisfied that the juror is fair and impartial, and any doubt upon that point should be resolved in favor of the accused. The mere fact that the juror may be of the opinion that he can try a case fairly and impartially is not alone a test as to his competency. Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478; Lane v. State, 51 Okla. Cr. 107, 299 Pac. 923.

The overruling of the challenge for cause was prejudicial error, depriving the defendant of a fair trial.

The cause is reversed.

EDWARDS, J., concurs. CHAPPELL, J., absent, not participating.