MON QUICK v. STATE.

No. A.-8190.    Feb. 19, 1932.
(8 Pac. [2d] 689.)

Miller & Miller, W. S. Paden, and Finis M. Walker, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.    The plaintiff in error, referred to in this opinion as the defendant, was by information jointly charged with George Pryor, Bob Terrell, R. E.

Longsdale, and Lewis Leach, of the crime of burglary, was tried separately, convicted, and sentenced to imprisonment in the state penitentiary for a term of six years, and appeals. Motion for new trial was filed, considered, and overruled, and defendant reserved an exception.

The defendant filed a motion to quash the special venire that had been summoned by Sam Johnson, the sheriff of Cherokee county, whose name was indorsed as a witness, on the ground that the sheriff was biased and prejudiced against the defendant; which motion to quash the special venire was overruled, and defendant reserved an exception.

It is also urged by the defendant that the court erred in permitting, over his objection and challenge, certain jurors to sit in the cause who had served in the trial of the State of Oklahoma v. Bob Terrell, wherein Bob Terrell was prosecuted on a charge of assault to kill, and some of the evidence was introduced on behalf of the state in support thereof as was introduced in support of the charge herein.

It is further urged by the defendant that his peremptory challenges of the jurors A. M. Burchett, Charles Glass, J. W. Brison, W. B. Upton, Boss Kay, and W. S. Gorhmley, should have been sustained for the reason they sat as jurors in the trial of the Terrell case; that in the trial of the Terrell case the facts were practically the same as in the defendant's case, and most of the witnesses used were the same witnesses that were used in the Terrell case. The jurors named, on their voir dire, admit they sat in the Terrell case, and in that trial certain hats were introduced in evidence alleged to have been taken from the mercantile companies when their stores were bur-

glarized, and that Mon Quick was mentioned in the evidence.

Bob Terrell was jointly charged with Mon Quick and others in the burglary of the mercantile stores in the town of Hulbert, and, when the officers went out to arrest Terrell on the charge of burglary alleged to have been committed jointly with the defendant in this case, Terrell is alleged to have assaulted G. R. Alberty, a deputy. It is also admitted in the testimony that the sheriff, Sam Johnson, made a list of the men to be called by the court bailiff on the special venire used by the court, and that Arch Hill, Dock Ross, Shelton Lawrence, W. W. Dawkins, and W. H. Gorhmley were in the list of jurors called on the special venire, and that the bailiff called such men for jury service on the special venire as were included in the list that was handed him by Sam Johnson, the sheriff.

All the testimony tends to show that when the assault was alleged to have been committed on deputy Alberty, for which Bob Terrell was tried, and in which trial the jurors herein named sat and heard certain testimony with reference to the burglary that had been committed in the town of Hulbert, for which this defendant was tried, that the sheriff and his deputy were looking for the parties alleged to have committed the burglary, and the jurors challenged admitted the defendant's name was mentioned in the trial of Terrell. The defendant exhausted all his peremptory challenges, and was required to go to trial with the jurors named, who sat in the trial of Bob Terrell. It is contended by the defendant that he did not have that fair and impartial trial guaranteed to him by the laws of the state of Oklahoma, for the reason that the jury in the Terrell case heard certain controverted questions of fact in issue that were also in issue in the defendant's case and developed by the same witnesses.

It is true the competency of the jury is a question to be determined by the court in the exercise of its sound discretion. This discretion should be determined by all the surrounding circumstances. The fact that the jurors stated on their voir dire they had formed no opinion and would act fairly and impartially is not alone a test of their competency. If it was so the court would be permitting the jurors to pass on their own partiality. Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Schrimpsher v. State, 32 Okla. Cr. 371, 241 Pac. 201; Moffitt v. State, 45 Okla. Cr. 440, 283 Pac. 1027.

It is obvious that where jurors have heard the evidence under their oath, from witnesses duly sworn and examined by the court, upon the controverted question in one case and formed an opinion from such evidence, such jurors are not in a position to pass impartially and uninfluenced upon such controverted question of fact, where the same witnesses again testify. Whenever the fairness or impartiality of a juror is called into question, the trial court must be clearly satisfied that such juror is fair and impartial, that he is not biased or prejudiced against the defendant on trial, and that he has not formed or expressed an opinion as to the guilt or innocence of the defendant, and it is the duty of the trial court to resolve all doubts on this question in favor of the defendant.

Section 2676, C. O. S. 1921, on the question of challenges for implied bias, subdivision 5, is as follows:

"Having served on the trial jury which has tried another person for the offense charged in the indictment or information."

In this case, Bob Terrell was jointly informed against in the same information with the defendant and others. While it is true that the case in which the jurors com-

150

plained of in this case sat in the trial of state of Oklahoma v. Bob Terrell, the charge was assault with intent to kill, but the record discloses by the statement of the jurors and the testimony, practically all of the witnesses used in the Terrell case were used in this case, and the facts as to the stores in Hulbert being burglarized were brought out in the Terrell case, and the defendant in this case was mentioned several times in the Terrell case.

After a careful consideration of the facts, we cannot say the defendant was accorded a fair and impartial trial by a jury of his peers. Every fact in the record tends to show that the jurors who sat in the case of State of Oklahoma v. Bob Terrell, and found a verdict of guilty, had passed upon practically the same facts as were brought out against this defendant.

There are many other errors complained of, but it will not be necessary to consider them at this time. For the reasons stated, the case is reversed and remanded, with directions to the trial court to grant the defendant a new trial of the case before a fair and impartial jury.

EDWARDS and CHAPPELL, JJ., concur.