J. C. (CLIFF) HAYS v. STATE.

No. A-9791.   Dec. 4, 1940.
(108 P. 2d 187.)

Harry C. Kirkendall, of Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant J. C. Hays was by information filed in the county court of Garfield county on August 15, 1939, charged with possession of intoxicating liquor; tried, convicted and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50 and costs, from which judgment and sentence he appeals to this court.

This case is similar in many aspects to the case this day decided against the same defendant. See Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 186.

The search warrants, so far as the form is concerned, are identical, and the things stated in that opinion will apply with equal force to the questions raised herein.

The defendant makes one additional assignment of error which is not considered in Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 186, to wit:

That the court erred in forcing the defendant to trial before a jury, some members of which had been in the court room while a former trial of this defendant was in progress.

During the term of court in which this case was tried, and prior to the trial of this case, the defendant had been tried and convicted of a similar, yet separate, offense from

the one charged herein. Four of the jurors in this case had been summoned for jury duty on the morning of the trial of the former case and were present in the courtroom when the jury was impaneled and examined on voir dire. These jurors heard the county attorney make some statements as to the nature of the offense in the former case.

This court has held it to be reversible error for the trial court, over the objection of defendant, to impanel a jury for the trial of the defendant from among those who had sat as jurors in the trial of a similar case against him at the same term of court. Jean v. State, 49 Okla. Cr. 409, 295 P. 233; Popp v. State, 44 Okla. Cr. 220, 280 P. 478; Moffitt v. State, 45 Okla. Cr. 440, 283 P. 1027; Weber v. State, 44 Okla. Cr. 450, 281 P. 987.

But, the four jurors in this case, whose impartiality is questioned, did not sit as jurors in the former case.

In Harvey v. State, 46 Okla. Cr. 257, 287 P. 834, this court held:

"Where the question of the sanity of the defendant is tried to part of the panel of the jury, and where other members of the panel hear a portion of such evidence and are present in the courtroom when such verdict is returned, they are thereby disqualified to sit as jurors in the trial of defendant where his defense is insanity."

See, also, Vance v. Territory, 3 Okla. Cr. 208, 105 P. 307.

The jurors in this case did not hear any of the evidence nor the verdict in the former case. These were separate and distinct cases, involving separate and distinct issues, although similar ones. It is our opinion that a juror is not disqualified as an impartial juror by reason of the fact that he happened to be in the courtroom waiting to be called to the jury box during the voir dire examination for the trial of the same defendant upon another

charge where, after the jury is selected, the remainder of the jury panel were sent from the courtroom and admonished by the court to stay away from the courtroom during the progress of the trial. The record shows that the court on its own motion dismissed certain of the jurors when, in response to questions raised on the voir dire examination, it was indicated that they might have heard some of the opening statement of the county attorney at the beginning of the trial in the former case. Certainly there is nothing in the size of the verdict to indicate prejudice. The defendant did not take the stand, and only the minimum punishment was assessed.

The burden of proving the disqualification of the jurors was on the defendant, and he has wholly failed to sustain the burden.

The judgment of the county court of Garfield county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, P. J., not participating.