## HARVEY BREWER v. STATE.

No. A-6592. Opinion Filed May 18, 1929.
Rehearing Denied September 28, 1929.
(280 Pac. 473.)

362

Keller & Cameron, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Love county on a charge of assault with a sharp and dangerous weapon with intent to do bodily harm, and was sentenced to serve a term of one year and one day in the state penitentiary.

The record discloses that at the time charged defendant, Harvey Brewer, and a codefendant, J. D. Brewer, engaged in a difficulty with one Hosea Brown, in the

course of which Brown was cut several times with a knife. The difficulty, in a measure, was brought on by Brown. The defendant interposed a plea of self-defense. While the evidence is conflicting, it sustains the verdict and judgment.

The first contention made is that the court erred in excusing on his voir dire examination the juror Gaylor. This juror stated that he had talked about the case to the father of the prosecuting witness but had formed or expressed no opinion. Counsel for the state suggested that he was disqualified, and over the objection of defendant's counsel the juror was excused. The court acted properly in excusing this juror. It is settled by numerous decisions of this court that a defendant has no vested right to have any particular juror out of a panel. His right is that of objection rather than that of selection, and if the trial court is of the opinion that any juror is not fair and impartial or is for any reason disqualified he may excuse him either upon challenge of one of the parties or upon his own motion, without challenge. Whether or not a juror should be excused rests in the sound discretion of the court. Unless such discretion is abused, there is no error. Boutcher v. State, 4 Okla. Cr. 576, 111 Pac. 1006; Mathews v. State, 19 Okla. Cr. 153, 198 Pac. 112.

It is next argued that the court erred in permitting the state to offer in evidence a transcript of the testimony of the prosecuting witness taken at the preliminary, the witness being present in court and testifying. Upon this point the record discloses that the prosecuting witness Brown testified for the state. On cross-examination defendant sought to impeach him by showing that his testimony at the preliminary was different. Counsel for the

state then offered to submit the transcript of the entire testimony to show if there was a conflict. Defendant objected and insisted that if the testimony of this witness were read the whole record taken at the preliminary should go in. Counsel for the state then stated he did not insist on reading the record, but the court directed him to go ahead and read it. This was error. The witness was present in court and testifying. For the purpose of impeachment, defendant was entitled to show by cross-examination, if he could, he had testified differently at the preliminary. This effort did not render his entire testimony competent to be read, but only such parts as were inquired about and which might disclose the purport and meaning of his former testimony. We have carefully examined the transcript of his testimony erroneously introduced, and find nothing in it materially different from his oral testimony at the trial.

Lastly, complaint is made that the court erred in his ruling which would permit counsel for the state to further argue the case after they had made an opening argument and argument by defendant had been waived. Upon this point it appears that the opening argument for the state was made, defendant's counsel then waived argument, counsel for the state desired to further argue, and the court stated that he would permit this to be done. Thereupon defendant's counsel made an argument and the state concluded. Defendant bases his contention on the sixth subdivision of section 2687, Comp. Stat. 1921, as follows:

"Order of trial proceedings. The jury having been impaneled and sworn, the trial must proceed in the following order. * * * Sixth. Thereupon, unless the case is submitted to the jury without argument, the counsel for the state shall commence, and the defendant or his counsel shall follow, then the counsel for the state shall

conclude the argument to the jury. During the argument the attorneys shall be permitted to read and comment upon the instructions as applied to the evidence given, but shall not argue to the jury the correctness or incorrectness of the propositions of law therein contained. The court may permit one or more counsel to address the jury on the same side, and may arrange the order in which they shall speak, but shall not without the consent of the attorneys limit the time of their arguments. When the arguments are concluded, if the court be of the opinion that the jury might be misled by the arguments of counsel, he may to prevent the same further instruct the jury. All instructions given shall be in writing unless waived by both parties, and shall be filed and become a part of the record in the case."

There is a division of the authorities in criminal cases. We think the sensible rule is laid down in Vines v. State, 31 Tex. Cr. R. 31, 19 S. W. 545, where it is held:

"Since Code Crim. Proc., art. 667, leaves the order of argument in criminal cases to the discretion of the presiding judge, defendant cannot, by waiving argument after the opening argument by an associate counsel for the state has been made, cut off the right of the district attorney to be heard in a concluding address to the jury, if the judge deems it proper to allow it; and where it is allowed defendant cannot complain unless he shows an abuse of discretion and injury."

No error requiring a reversal is made to appear. We are of the opinion, however, that justice requires that the judgment fixing the punishment be modified to confinement in the state penitentiary for a term of six months, and as so modified the case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.