# W. R. COLLIER v. STATE.

No. A-7332.   Opinion Filed May 17, 1930.
(288 Pac. 388.)

W. B. Garrett, for plaintiff in error.

The Attorney General, and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Greer county of the crime of shooting with intent to kill one De Witt Cordell, with a deadly weapon, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state is that this assault occurred on Sunday afternoon at the home of defendant in the city of Mangum. De Witt Cordell, the person shot, was thirteen years of age. He together with Curtis Wetsel, a boy ten years old, and another young boy, were pulling alfalfa from the edge of the place owned by defendant and hauling it on some toy trucks like they were hauling feed. That the defendant came out of the house and shaded his eyes with his hands, turned and went back into the house, and soon came out with something in his hands like a gun, he got between two little outhouses and shot. That the Wetsel boy heard the bullet pass and that the second shot hit De Witt Cordell, inflicting a wound near the appendix which the doctors testified was usually fatal. That officers were called immediately after the shooting and went to defendant's house to arrest him. At that time defendant stated to the officers that he had not done any shooting, that he did not have a rifle, and did not know Cordell had been shot. Defendant requested the officers to verify his statement by his wife, who also stated that they never had had a rifle in the house. That the officers searched the house at that time, but found no rifle, but, searching the yard, did find an empty 22-short shell and a 22-long shell near where defendant had stood at the time witnesses said he did the shooting. That, after putting the defendant in jail, the officers came back and again searched the house thoroughly, but found no rifle. On going back the next day, however, and searching the basement, they found a cistern, and that the gun had been dropped into this cistern.

In this trial of the case, defendant's wife took the witness stand, and admitted that she told the officers that there was no rifle on the place and had never been, and testified that she dropped the rifle in the cistern after her

husband had been taken to jail, and that he knew nothing about it. Defendant testified that he heard a noise out at his chicken yard, took the gun, and went out because a dog had been bothering his chickens, and that he fired twice at this dog, and that, if he hit the boy, it was accidental. He also admitted that he told the officers immediately after the shooting that he had not fired the shots and did not own a rifle. Defendant denied that he had had any difficulty with the boys, prior to that time, of playing with his alfalfa. In rebuttal the state showed that just a few days before the defendant had had difficulty with one of the Cordell boys over this same alfalfa. The evidence being sufficient to support the verdict of the jury, the cause must be affirmed, unless the errors of law complained of by defendant are sufficient to require a reversal.

The defendant complains that the court erred in refusing certain requested instructions. The instructions of the court given on its own motion fairly state the law of the case, and were as favorable to the defendant as the evidence would justify.

The defendant next contends that the court erred in failing to instruct the jury on the grade of felonious assault defined by section 1764, C. O. S. 1921. This section defines that grade of felonious assault which is commonly known as assault with a dangerous weapon with intent to do bodily harm. The information charged the defendant under section 1756, C. O. S. 1921, and the evidence of the state makes out a case under that section. The defendant's testimony did not tend to reduce the crime to any included offense, but merely renders the act of the defendant excusable, and would entitle him to an acquittal, if believed. There was no middle ground for the jury to take. There was either a deliberate assault with intent

to kill, with near fatal results, or an excusable accident by reason of the right of defendant to protect his chickens against the attack of a dog. It is not error to refuse to give requested instructions if the law of the case as applicable to the evidence is sufficiently covered in the general instructions. Tate v. State, 45 Okla. Cr. 271, 281 Pac. 820; Craighead v. State, 45 Okla. Cr. 184, 282 Pac. 476.

It is next contended that the trial court erred in overruling the defendant's challenge for cause to the juror Tyler Crittenden. The record discloses that the defendant exercised a peremptory challenge as to this juror, and thereafter exercised the balance of his peremptory challenges. Counsel for defendant cites the case of Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164. The facts in the Tegeler Case and the facts in the case at bar are not the same. In the Tegeler Case the juror served on the panel and participated in the trial and in the return of the verdict against the defendant. In the case at bar the juror was excused on peremptory challenge, and did not sit in the case. It appeared from the voir dire examination of this juror that defendant was a customer of his bank; that he had known defendant for about twenty years; that such business relations and acquaintance would not influence his verdict; that he had an opinion in the case, but that opinion would not interfere with the evidence; that he had heard both sides of the case discussed, but that he had no fixed opinion, and that he would try the case fairly upon the evidence introduced and the instructions of the court; that it was not such an opinion as would influence his action as a juror.

Before this court will reverse a case, it must affirmatively appear that the action of the trial court in overruling the challenge to the juror resulted in the failure of the

defendant to secure a fair and impartial trial. In the case of Brewer v. State, 44 Okla. Cr. 361, 280 Pac. 473, 474, this court said:

"It is settled by numerous decisions of this court that a defendant has no vested right to have any particular juror out of a panel. His right is that of objection rather than that of selection, and if the trial court is of the opinion that any juror is not fair and impartial or is for any reason disqualified he may excuse him either upon challenge of one of the parties or upon his own motion, without challenge. Whether or not a juror should be excused rests in the sound discretion of the court. Unless such discretion is abused, there is no error. Boutcher v. State, 4 Okla. Cr. 576, 111 Pac. 1006; Mathews v. State, 19 Okla. Cr. 153, 198 Pac. 112."

The defendant complains of other errors, but they are all without merit. The evidence of the state was sufficient to establish the fact that the defendant willfully and deliberately shot at a young inoffensive boy because he was playing with some of his property and that such shot almost cost the life of the boy. The denial of the defendant at the time he was arrested that he owned a gun or had done any shooting, together with the fact that the gun was found two days later concealed in a cistern under the house, and the explanation that the defendant made in his defense that he was shooting at a dog, strengthened the state's case rather than constituted a defense. The jury were extremely merciful to the defendant. Under the evidence in the case, they would have been justified in giving the defendant the maximum punishment. The errors of law complained of being insufficient to require a reversal of the case, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.