## TIP ODELL v. STATE.

No. A-10970.    April 27, 1949.

(206 P. 2d 229.)

Clayton Carder, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Tip Odell, was charged in the county court of Kiowa county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 60 days in the county jail, and pay a fine of $250, and has appealed.

The single proposition presented by the appeal is that the misconduct of the jury prevented the defendant from having a fair and impartial trial.

In the amended motion for a new trial, the defendant contended that he was prevented from having a fair and impartial trial by reason of the fact that one of the jurors, George B. Lester, in his voir dire examination, denied that he knew the defendant, when in truth and in fact he was present in court as a juror on December 15, 1942, when the defendant was charged and convicted of another offense involving a violation of the prohibitory law, although Lester did not serve upon the jury which convicted the defendant; and that the juror knew the defendant and the results of that trial; that neither defendant nor his counsel were aware of the situation of the juror, and did not ascertain such facts until after the submission of the case and the verdict of the jury.

At the time of the hearing on the motion for new trial, evidence was presented by the defendant in support of his motion. This evidence consisted of testimony by the court clerk identifying the records in his office which showed that the juror, George B. Lester, who served on

the jury which convicted the defendant in the instant case, had been summoned as a juror in the year 1942, at a time when the defendant was convicted in another prohibitory law violation and sentenced to serve 30 days in the county jail and pay a fine of $200; that the jury list in the case where the conviction was sustained in 1942, does not contain the name of George B. Lester as one of the jurors who served in the trial of that case.

Counsel for defendant then made a statement into the record as follows:

"The Juror, George B. Lester, who served on the trial jury in the present case was asked on preliminary examination, touching his qualifications and competency, along with the other Jurors, whether or not he knew or was acquainted—the exact words used not being remembered—with the defendant, Tip Odell, and the Jurors that knew him were requested to hold up their hands. And the Juror Lester gave no indication that he was acquainted with the defendant, and that the first information that came of the situation that has heretofore been put in evidence, was by conversation between the Juror and myself, which occurred after the rendition of the verdict in this case, and after the filing of the original Motion for New Trial."

In the case of Vanderslice v. State, 59 Okla. Cr. 192, 57 P. 2d 267, 268, it is held:

"Where a new trial is asked upon the ground that a juror who served upon the jury was prejudiced against the defendant, which prejudice was unknown to the defendant prior to the rendition of the verdict, to entitle the defendant to a new trial it must not only be shown that the said juror was prejudiced, but it must also appear that the defendant suffered an injustice by reason of the said juror having served upon the said jury."

In the early case of Smith v. State, 19 Okla. Cr. 14, 97 P. 514, 516, the defendant sought a new trial upon the

ground that the juror, Wheat, was prejudiced, and in support of this contention attached to his motion the affidavits of two persons who swore that the juror had expressed an opinion prior to the trial as to the guilt of the defendant.

In the body of the opinion it is stated:

"Is Wheat shown to have been such a disqualified juror * * *? It is certainly true that under the Constitution and laws of this state the defendant must be accorded a fair and impartial trial, and the impartiality of the jury goes to the very foundation thereof, but in order to prevail in a motion for a new trial on account of the prejudice of a juror serving on the jury in the trial of the case, it must not only be shown that the juror was prejudiced against the defendant, but it also must be made to appear from the whole case that the defendant suffered an injustice from the fact that the juror so served. There is evidence, though in conflict, sufficient to establish the guilt of the defendant beyond a reasonable doubt of the offense of which he was properly convicted, and we are unable to see that it appears from the whole record that the defendant was denied a fair and impartial trial by reason of Wheat having served upon his jury.

"In the case of Horton v. State, 10 Okla. Cr. 294, 136 P. 177, it is held:

" 'As a general rule, a verdict will not be set aside for reasons that would be sufficient to disqualify a juror on a challenge for cause, which existed before the juror was sworn, but which was unknown to the defendant until after conviction, unless it appears from the whole case that the defendant suffered injustice from the fact that the juror served in the case.' "

We do not believe that the evidence introduced by the defendant, Odell, is sufficient to show that the juror, Lester, was acquainted with the defendant, much less that he was prejudiced against him. The defendant, Odell, in testifying at the hearing on motion for new trial,

swore that he did not know the juror, Lester. However, if it should be assumed that the juror, Lester, knew the defendant and knew of his prior conviction as contended by the defendant, still such fact does not create an inference that the juror was prejudiced against the defendant, and certainly there is nothing in the record by which we could say an injustice had been done the defendant by reason of this juror serving on the jury which convicted the defendant. The evidence showed that certain officers of Kiowa county, armed with a valid search warrant, went to the premises of defendant while the defendant was there present, made a search and found 41 pints of whisky. No evidence was offered on behalf of defendant.

The judgment and sentence of the county court of Kiowa county is affirmed.

BAREFOOT and BRETT, JJ., concur.