## WATTS v. UNITED STATES.
### No. 4736.

United States Court of Appeals
Tenth Circuit.
April 16, 1954.

---

276

Hal D. Reed, Denver, Colo. (Frank A. Bruno and Anthony F. Zarlengo, Denver, Colo., on the brief), for appellant.

Robert D. Inman, Asst. U. S. Atty., Boulder, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Robert Maxwell Watts, was indicted, tried and convicted of wilfully attempting to defeat and evade federal income taxes in violation of 26 U.S.C.A. § 145(b). In this appeal he challenges the sufficiency of the evidence to sustain the charge, the instructions of the court, and the dismissal of the court on its own motion of Jack D. La Rock from service on the jury.

Appellant was engaged in the construction and building of houses in the cities of Pueblo and Craig, Colorado. He organized and owned a large block of stock in two companies, The Pueblo Housing Corporation and the Moffat County State Agency. He carried on his business of constructing, selling and renting houses through these two corporations and also in his individual capacity. While acting in his individual capacity, he performed services for the two corporations for which he received compensation. He reported his income tax for the year in question on the cash basis. The indictment charged that for the year 1946 he knowingly and wilfully falsified his income tax return by failing to correctly report his true net income for that year and thus knowingly attempted to defeat a large part of the income tax due and owing by him to the United States for the year 1946.

■ Appellant contends that the Government failed to make a case for the jury because it failed to adduce substantial evidence that an additional tax above that returned by his income tax return was in fact due and owing for the year in question. It was not necessary that the Government introduce evidence as to the exact amount of the additional tax due. To make a case for the jury, it was sufficient that the Government present substantial evidence from which the jury could find that a substantial amount of net income was not reported and that the failure to so report it was wilful and intentional. When once that was established, the amount of the additional income tax remained unimportant because it would follow as a matter of course that a substantial amount of additional tax remained due and unpaid. The exact amount of such tax was not an essential element of the offense with which appellant was charged.[1]

■ Without descending to particulars, it is sufficient to say that the Government adduced substantial evidence which, if believed, showed an additional unreported income of $23,737.86. Most of the items making up this amount were in dispute. Some may not have been income to appellant. Without analyzing these items in detail, it is sufficient to say that they are of such a nature that many, if not all, constituted income to appellant, depending upon whether the jury believed the Government's version of the evidence or that offered by appellant. We, therefore, conclude that there was substantial evidence which required the court to submit that issue to the jury.

■■ It is contended that reversible error was committed by failing to instruct the jury as requested by appellant that the indictment constituted no evidence of guilt. The trial court might well have given this instruction, as is done in many criminal cases, but the trial court made it clear to the jury that the defendant was innocent of every element of the charge until the Government proved to its satisfaction by substantial evidence beyond a reasonable doubt every single element of the offense with which he was charged. The court instructed the jury with respect to the elements of the offense with which appellant was charged. It told the jury the burden rested upon the Government to produce evidence which satisfied it beyond a reasonable doubt of the defendant's guilt; that if the jury found from a consideration of the evidence that

1. Holland v. United States, 10 Cir., 209 F.2d 516.

all the elements of the offense had been established to its satisfaction beyond a reasonable doubt its verdict should be guilty; otherwise, its verdict should be not guilty. Reading the instructions in their entirety, there can be no doubt that the jury understood therefrom that the defendant was innocent until the Government established his guilt by evidence produced in the trial beyond a reasonable doubt. Since the court's instructions were clear and correct, they are adequate. Appellant was not entitled to have the court instruct the jury in any particular words or in the language of his requested instructions.[2]

■ Exception is taken to the court's refusal to give appellant's requested instruction No. 7 which stated that Section 145(b) so far as material provides that " 'Any person required under this chapter to * * * pay over any tax imposed by this chapter, who wilfully fails to * * * pay over such tax and any person who wilfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof shall * * *' be guilty of crime." The court gave the substance of this instruction when it set out the elements of the offense and told the jury it must find beyond a reasonable doubt that appellant did these things wilfully and knowingly in an attempt to defeat and evade collection of his income tax.

Appellant further contends that the court did not adequately instruct the jury on the question of reasonable doubt and failed to instruct upon the fact of appellant's bona fide misconception of the law. This exception is not well taken. There can be no criticism of the court's instruction with respect to reasonable doubt. The instruction was almost identical with a like instruction approved by this court in the late case of Holland v. United States, supra.

■■ During the year in question, appellant received in satisfaction of a debt due him from the Moffat County State Agency 84 shares of corporate stock for which he credited the corporation in the sum of $8,500. No value was assigned to this stock as income in the taxpayer's return in the year it was received. It is contended that appellant consulted an attorney and an accountant with respect to whether this stock constituted returnable income and was advised that since the stock had no market value it was not returnable and, relying on this advice, he did not report it in his return. It is urged that under these facts he was laboring under a misconception of law and fact; that he had the right to rely upon the advice of counsel and that the court should have given appellant's requested instruction No. 11. But appellant's requested instruction No. 11 does not relate to the right of appellant to rely upon expert advice. Appellant's requested instruction No. 11 reads, "The court instructs the jury that if they believed from all of the evidence that the several items of income which the Government contends have not been included in the defendant's income tax return for 1946 were in truth and in fact excluded by the defendant because of a bona fide misconception of the law with respect to them, it will be your duty to return a verdict of not guilty." There is no evidence in the record that he consulted expert advice with respect to all the items of income involved in the litigation and was advised that they did not constitute income and that he was not required to return them. Neither did counsel advise him that the 84 shares of stock were valueless and, therefore, he was not required to return them. In response to the question, "What did they tell you", he replied, "They told me since I was on a cash basis it (referring to the-

2. Thayer v. United States, 10 Cir., 168 F. 2d 247; Telluride Power Co. v. Williams, 10 Cir., 164 F.2d 685; Oliver v. United States, 10 Cir., 121 F.2d 245; Mid-Continent Pipe Line Co. v. Whiteley, 10 Cir., 116 F.2d 871; Metropolitan Life Ins. Co. v. Banion, 10 Cir., 106 F.2d 561; Troutman v. United States, 10 Cir., 100 F.2d 628; Houser v. Kurn, 10 Cir., 100 F.2d 488; United States v. Stoehr, 3 Cir., 196 F.2d 276, 33 A.L.R.2d 836.

stock) didn't have to be included if it didn't have an ascertainable market value, * * *." Whether it had value or whether he in good faith thought that it did not have any value was an issue for the jury.

Error is further predicated on the court's instruction with respect to the following transaction. Appellant testified that during 1942 he rendered services in his individual capacity to the Pueblo Housing Corporation of the value of $6,000; that in partial liquidation of this indebtedness in 1943 he received a deed of conveyance from the corporation to the property, described in the record as 901 Security Street, Pueblo, Colorado, which had a market value of $6,000 at the time of its receipt; that he kept this property in his name until 1946 when it was sold for $11,500; that from 1943 to 1946 he improved the property by way of capital improvements in the sum of $1,003.04; that in his 1946 income tax return he reported the difference between the capital investment ($6,000 plus $1,003.04) and the sale price of $11,500 as capital gain. It is alleged that the Government contended that since appellant had not in 1943 reported as income the market value of the house of $6,000 that the entire sale price of $11,500 was income in 1946, the year in which the house was sold. But that was not the theory adopted by the court in the instruction objected to. The evidence is that appellant constructed the house in question on land owned by the corporation, paid the cost thereof himself and was the owner of the house and that all the deed by the corporation conveyed was title to the land on which his house stood. While not conclusive, there is evidence in the record which, if believed, would support a finding that in the year in which he constructed the house he took the construction cost as a deduction of an operating expense in his income tax return. The court accordingly correctly instructed the jury that if it found this to be the fact, appellant would have no cost in the house and the entire selling price of $11,500 would be profit to be reported as capital gain on which the tax would be computed under the capital gain provisions of the tax law. This correctly stated the law with respect to this issue.

Finally, it is contended that the trial court erred in excusing juror Jack D. La Rock on its own motion. An examination of this juror revealed that he was engaged in working for a contractor. When this was ascertained, the court over objection by appellant's counsel excused the juror and another juror, to whom no objection was made and whose qualifications were not challenged, was selected in his place. The great weight of authority is that a defendant is not entitled to any particular jury so long as a fair and impartial jury of qualified jurors is selected and a defendant is not deprived of his right to exercise his preemptory challenges. In United States v. Chapman, 10 Cir., 158 F.2d 417, 419, we said, "* * * an interested party to a law suit has no vested right in any particular juror."[3] The trial court is vested with a considerable discretion in the selection of a jury. Since no contention is made that the juror selected to sit in the place of La Rock was not qualified, appellant suffered no prejudice by his dismissal from the jury. He had what he was entitled to, a fair and impartial jury of competent and qualified jurors.

We find no reversible error and the judgment appealed from is, therefore, affirmed.

3. To the same effect see Brown v. State of Jersey, 175 U.S. 172, 20 S.Ct. 77, 44 L. Ed. 119; Assaid v. United States, 4 Cir., 10 F.2d 752; Bratcher v. United States, 4 Cir., 149 F.2d 742; Collier v. State, 47 Okl.Cr. 339, 288 P. 388.