**Orlando Dale STEVENSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–109.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1981.

David Luther Woodward, Sp. Counsel, Appellate Public Defender Project, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Orlando Dale Stevenson, hereinafter referred to as the defendant, was convicted of Murder in the First Degree, pursuant to 21 O.S.Supp.1980, § 701.7, in Stephens County District Court, Case No. CRF 80–152, was sentenced to life imprisonment, and he appeals.

On June 13, 1980, the defendant, Orlando Dale Stevenson, and the decedent, Neal Glenn Williams, became embroiled in an argument. Several witnesses testified to the effect that the defendant went looking for a gun with which to kill the decedent. Later that evening, the defendant went to the home of Bruce Williams, the decedent's brother, to collect twenty dollars ($20.00) that the brother owed him. No one answered the door at Bruce's house but music could be heard emanating from a neighbor's home. The defendant went to that home and told Bruce that he needed his $20.00. The decedent was sitting on a couch when the defendant looked at him and said, "Man, I'm going to kill you." The defendant then left the house but returned about five (5) minutes later with a shotgun; an argument ensued, and the defendant shot the decedent, who fell to the ground with a gaping hole in his right side.

The defendant then proceeded to a cousin's house and asked him to take him to the police station because he had just shot the decedent. Upon his arrival at the police station, the defendant asked if the decedent was dead and stated that he hoped the decedent was dead. Officer Rhoades testified that he advised the defendant of his *Miranda* rights and that the defendant waived these rights, which he stated he understood, and then voluntarily, without coercion, gave a written statement confess-

ing that he had shot the decedent. Officer Rhoades also testified that the defendant made the statement that "I hope he's dead", at least fifteen (15) times during the course of the evening.

■ The defendant presents three (3) assignments of error for our review, all of which complain of the instructions that were given to the jury; however, the record is void of any objection by the defendant to the instructions at trial, nor were any complaints raised in the motion for new trial. Thus, these assignments of error have not been preserved for review on appeal.

This Court has long held that:

[O]nly those questions which were raised in the trial court, and on which adverse rulings were made and which were then incorporated in the Motion for New Trial and assigned as error in the Petition, will be considered upon appeal. *Logan v. State*, 493 P.2d 842 (Okl.Cr.1972); *Pierce v. State*, 491 P.2d 335 (Okl.Cr.1971).

Also see, *Turman v. State*, 522 P.2d 247 (Okl.Cr.1974). Further, in *Provo v. State*, 565 P.2d 719 (Okl.Cr.1977), we stated that:

We need only note that defendant made no objection at trial to this instruction, nor did he raise it in his motion for new trial. Failure to object to the instruction constituted a waiver and it cannot be raised for the first time on appeal. *Lemmon v. State*, 538 P.2d 596 (Okl.Cr.1975) and *Hover v. State*, 471 P.2d 950 (Okl.Cr. 1970).

■ After a careful examination of the transcript, we are of the opinion that no error occurred which was jurisdictional or fundamental in character which would justify modification or reversal. The judgment and sentence appealed from is accordingly AFFIRMED.

CORNISH, J., concurs.

BRETT, P. J., concurs in results.