Gregory Vann HILL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-219.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1981.

Charles S. Rogers, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Reta M. Strubhar, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appeal of this conviction is raised on the basis of three alleged errors: the delegation by the trial court to the bailiff of the reading of instructions, the introduction of evidence characterized on appeal as hearsay, and an inappropriate verdict in light of the defense. This case originates from a conviction for Manslaughter in the First Degree in the District Court of Tulsa County, Case No. CRF–79–776, the Honorable Jay D. Dalton, presiding. A sentence of forty-five (45) years' imprisonment was imposed.

On the evening of March 20, 1979, the appellant and his friend, Johnny Ray Reagor, were driving north on Hartford Avenue in Tulsa when they were followed and flagged down by a motorcyclist. Before stopping his vehicle, the appellant grabbed his .38 caliber revolver, words were exchanged, and the appellant shot the cyclist, Anderson Whitfield.

The appellant argues that he acted in self-defense and that approximately six (6) years prior to the homicide he had been severely beaten by Whitfield. He claims that he saw Whitfield reach in his coat for a gun on the night of the homicide, although no gun was found on or near Whitfield's body. Roscoe Dabney corroborated the appellant's story of the beating by Whitfield six years prior.

Tulsa Police Officer Kelley testified that he had spoken with the appellant and compiled the police report of the prior beating. At that time, the appellant had stated that Melvin Penny, not Anderson Whitfield, was his assailant.

First, it is asserted that the trial court committed fundamental error when it delegated the reading of the jury instructions to the bailiff. The record indicates that the instructions were read in open court in the presence and with the consent of the parties and their attorneys. As this Court indicated in *Choate v. State*, 476 P.2d 384 (Okl.Cr.1970), failure to preserve error regarding instructions to the jury constitutes a waiver, absent fundamental error.

The statutory provisions which assign the trial court responsibility for properly instructing the jury imply that the instructions will be read by the judge. Title 22 O.S.1971, §§ 831 and 856. See *Oklahoma District Court Judges' Benchbook*, Criminal, 55.10(7). It is, therefore, the opinion of this Court that the judge, and not some other officer of the court, should read the instructions to the jury. Of course, should the judge be unable to read the instructions, he should state in the record his reason for assigning this task. The transcript before us indicates that any alleged error caused by the reading of the instructions by the bailiff in this case has been waived.

The second argument advanced on appeal is that the court erroneously admitted, over objection, State's Exhibit No. 9, a 1973 police report in reference to an assault upon the appellant at a Tulsa convenience store. That document, prepared by Officer R. E. Kelley and signed by the appellant, indicated that the appellant's assailant was Melvin Penny.

On direct examination, the appellant raised self-defense, explaining that he had been assaulted and injured by the homicide victim, Anderson Whitfield, approximately six years earlier and that he had remained fearful of Whitfield. The State then appropriately rebutted this testimony with the introduction of testimony by Officer Kelley and the report prepared by him, which indicated that the perpetrator of the injury upon the appellant was not Whitfield, but rather was Penny. *Fite v. State*, 526 P.2d 956 (Okl.Cr.1974).

The admission of the controverted report was not a violation of the hearsay rule. Rather, this evidence falls under Laws 1978, ch. 285, § 801; now 12 O.S.Supp.1980, § 2801(4)(b), which provides as follows:

A statement is not hearsay if . . .

   \*    \*    \*    \*    \*    \*

b. the statement is offered against a party and is

(1) his own statement, in either his individual or a representative capacity, or

(2) a statement of which he has manifested his adoption or belief in its truth, or

(3) a statement by a person authorized by him to make a statement concerning the subject . . .

The statement entered as Exhibit No. 9 was a police report made by Officer Kelley based upon an interview with the appellant. As such, it is not hearsay. The use of it as evidence to rebut the appellant's version of his prior assailant was legitimate.

Finally, the appellant essentially argues cumulative error, the first two errors having induced the jury to return a guilty verdict despite the corroborated and persuasive evidence of self-defense. In light of our findings with regard to the first two assignments of error, there is no accumulation of error. Furthermore, this Court has consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, which finding will not be disturbed so long as the verdict is supported by a prima facie case. See, *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980).

The judgment and sentence is affirmed.