**Lemuel BUTLER, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–304.**

Court of Criminal Appeals of Oklahoma.

May 21, 1982.

William R. McKinney, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Lemuel Butler, Jr., hereinafter referred to as the defendant, was convicted in Oklahoma County District Court, Case No. CRF–80–3504, of Burglary in the Second Degree, After Former Conviction of Two or More Felonies, was sentenced to twenty (20) years' imprisonment, and he appeals.

Late in the evening of August 30, 1980, Police Officers Shoals and Casteel responded to a radio dispatch regarding the activation of a silent alarm at the Joe Esco Tire Company located at the corner of N.E. 23rd and Kelley in Oklahoma City. The officers approached the business premises without engaging the emergency equipment on their vehicle. Officer Casteel testified that as he neared the front door of the establishment he saw a man duck down behind a counter, whereupon he yelled to Officer Shoals that a suspect was present inside the store. Officer Shoals stated that he responded to Casteel's communication by alerting police headquarters of the situation and proceeding to the opposite side of the building. As he got out of his vehicle he heard a noise at the back door of the shop. He testified he observed a subject, whom he identified in court as the defendant, run from the door. The officer testified he drew his service revolver, ordered the defendant to halt, arrested him and placed him in the rear seat of the scout car. Continuing his testimony, Officer Shoals related that he and another officer, by use of their hands alone, entered the building through the door that the suspect had exited, without doing any damage to the door, by pulling on the bottom of it. He observed that a safe had markings on it as if

someone had attempted to open it, and that a large screwdriver, a large pair of pliers and a hammer with a sharp end on it were lying in front of the safe.

The store manager testified that he had closed the store at noon on the day in question, and had turned on the burglar alarm, which would not operate unless all the doors were locked. He stated he had occasion to return to the store late that evening in response to the alarm being set off, and he noticed that the safe had been tampered with since he had secured the premises.

The defendant took the stand in his own behalf and admitted five (5) prior felony convictions. He said he had been to visit a friend and took a path through a vacant lot in back of the Joe Esco Tire Store, and as he passed the store he was arrested.

■ In one of his assignments of error, the defendant alleges that the trial court erred in not sustaining his demurrer (motion for a directed verdict), entered after the State's presentation of evidence. A motion for directed verdict admits the facts the evidence tends to prove. Where there is any competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a motion for directed verdict. *Byrne v. State*, 482 P.2d 620 (Okl.Cr.1971); *Maynard v. State*, 625 P.2d 111 (Okl.Cr.1981). This Court finds that in view of the overwhelming evidence of the defendant's guilt the trial court correctly overruled the motion for directed verdict. See also, *Campbell v. State*, 640 P.2d 1364, 53 O.B.J. 387 (Okl.Cr.

1982). This assignment of error is without merit.

■ The defendant also argues that the Oklahoma Habitual Criminal Statute, 21 O.S.Supp.1980, § 51(B)[1] violates Article V, § 57 of the Oklahoma Constitution, is vague and indefinite, and was improperly instructed upon in view of the facts and circumstances of the instant case. In our recent decision of *King v. State*, 640 P.2d 983 (Okl.Cr.1982), we held that 21 O.S.Supp. 1980, § 51(B) was not violative of Article V, § 57 of the Oklahoma Constitution. Further, we do not find that Section 51(B) is so vague and indefinite that men of common intelligence must necessarily guess at its meaning. See, *Mayberry v. State*, 603 P.2d 1150 (Okl.Cr.1979).

■ Turning to the defendant's allegation that the court improperly instructed on Section 51(B), we also consider his complaints regarding instructions in his second and fourth assignments of error. The record is void of any objection by the defendant to the instructions given at trial, and of any request for instructions by him, nor were any complaints raised in his motion for new trial or in his petition in error; thus, these assignments of error have not been preserved for review on appeal. See, *Stevenson v. State*, 637 P.2d 878 (Okl.Cr. 1981), and cases cited therein. Furthermore, in the instant case, the defendant specifically stated that he had no objection to the instructions,[2] and has thus waived his right to allege error in them on appeal.

1. 21 O.S.1981,
   § 51. Second and subsequent offenses after conviction of offense punishable by imprisonment in penitentiary.
   B. Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years. Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location. Nothing in this section

shall abrogate or affect the punishment by death in all crimes now or hereafter made punishable by death.

2. The record reveals the following:
   THE COURT: Mr. Manning, referring to the Instructions 1 through 10, I'll ask you to state any objection you have to those instructions individually and by number, including the amendment to Instruction Number 8.
   MR. MANNING: Your Honor, the Defense has no objections to the Court's Instructions 1 through 10. And further, the Defense has no objections to the amended instruction in Instruction Number 8.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.