**Jimmie H. SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–81–451.

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1982.

Rehearing Denied Oct. 25, 1982.

Carloss Wadlington, Ada, for appellant.

Jan Eric Cartwright, Atty. Gen., Dena Louise Bates, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant was convicted of Shooting with Intent to Injure, After Former Conviction of Two or More Felonies, in Pontotoc County District Court, Case No. CRF–80–132. He was tried by a jury and sentenced to twenty (20) years' imprisonment.

In his first assignment of error, the defendant argues that the trial court erred in not dismissing a juror who, during voir dire examination by the prosecutor, revealed that she had been on jury duty (according to her testimony she had been selected, but was excused) five and a half years prior to the instant case, when the appellant was on trial on a different matter.[1] The defendant claims that neither he nor his attorney

---

1. The record reflects the following:

 THE COURT: You may inquire.

 MR. PETERSON: Thank you, Your Honor. Mrs. Scroggins, I've visited with you before in another jury case, have I not?

 JUROR SCROGGINS: Yes.

 MR. PETERSON: You don't have any personal information or knowledge about this case, other than what you've picked up, from the back of the courtroom today, is that right?

 JUROR SCROGGINS: No, I don't.

 MR. PETERSON: You don't know anything about the facts or anything like that?

 JUROR SCROGGINS: No.

 MR. PETERSON: And you understand—Mrs. Scroggins, how many juries have you sat on?

 JUROR SCROGGINS: I might should tell you this: I sat on a jury duty for Mr. Smith five and-a-half years ago. I haven't sat on any juries during this term.

 MR. PETERSON: Oh, you didn't sit on the jury—you were excused on the last one?

 JUROR SCROGGINS: Uh-huh.

 MR. PETERSON: But you did sit on a jury that I tried—

 JUROR SCROGGINS: I was selected, but I was excused.

 MR. PETERSON: Excused. Okay.

heard the aforementioned testimony of the juror regarding her prior jury service, and thus the subject was not pursued by the defense counsel when he conducted voir dire of this juror, nor was the juror challenged for cause. He maintains that the juror should have been excused by the trial court pursuant to 22 O.S.1981, §§ 659 and 660, for either "implied" or "actual" bias. We do not agree.

 Section 660 limits the situations in which a challenge for implied bias may be taken, and none of them are applicable to the instant case, contrary to the defendant's contention that subparagraph 6 is applicable,[2] as it refers only to jurors who have set on a jury which had previously had the same cause submitted to it. In the instant case the complained of juror had been on jury duty when the defendant was on trial for a wholly unrelated charge.

 Further, "a disqualification which by reasonable diligence could have been discovered before verdict, may not afterwards be made the subject of an attack upon a verdict." *Woodring v. U.S.,* 376 F.2d 619 (10th Cir. 1967), cert. denied 389 U.S. 885, 88 S.Ct. 153, 19 L.Ed.2d 182. Moreover, when the defense counsel asked the juror whether she knew of any reason why she could not give both sides a fair trial, she responded that there was not. Defendant has failed to demonstrate that any prejudice occurred. See, *Odell v. State,* 89 Okl.Cr. 184, 206 P.2d 229 (1949), a case with issues very similar to those presently before us; and, *Hunter v. State,* 637 P.2d 871 (Okl.Cr.1981). This assignment of error is without merit.

 In his second assignment of error, the appellant complains of the giving of Instruction No. 8 by the trial court. However, the record is void of any objection by the defendant to the instructions given at trial, and of any request for instructions by him, nor were any complaints raised in his motion for new trial or in his petition in

error; thus, this assignment of error has not been preserved for review on appeal. See, *Stevenson v. State,* 637 P.2d 878 (Okl. Cr.1981), and cases cited therein.

 Likewise, the appellant's argument that a grand larceny conviction he received in 1967 was more than ten (10) years' old and was thus erroneously utilized to enhance his punishment, must fail, because he did not object at trial to its introduction, and has thus waived any error which may have occurred. See, Judge Cornish's suggested procedure in *Clonce v. State,* 588 P.2d 584 (Okl.Cr.1979). Furthermore, the appellant's intervening conviction of knowingly concealing stolen property in 1975 tolled the running of the ten (10) year period, *Coats v. State,* 589 P.2d 693 (Okl.Cr. 1978); thus, the use of both prior convictions was appropriate.

 As his final assignment of error, the appellant asserts that a charge of Feloniously Carrying a Firearm should be dismissed on the ground of Double Jeopardy. That charge arose out of circumstances which preceded the facts in the instant case. We do not agree with the appellant's contention that he has been subjected to Double Jeopardy. In *Sutton v. State,* 634 P.2d 205 (Okl.Cr.1981), we held that if each charge requires proof of a fact that the other does not, the test stated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is satisfied and the Double Jeopardy clause is not offended. This holds true, notwithstanding a substantial overlap in the proof offered to establish each crime. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

 In the instant case we find that the State was required to prove an additional fact in Feloniously Carrying a Firearm which it was not required to prove for the offense of Shooting with Intent to Injure. Specifically, the State was required to

---

**2.** § 660. Implied bias, challenge for:

A challenge for implied bias may be taken for all or any of the following cases, and for no other:

6. Having been one of the jury formerly sworn to try the indictment or information and whose verdict was set aside, or which was discharged without a verdict, after the cause was submitted to it.

prove that the appellant was a convicted felon. Title 21 O.S.1981, § 1283. Therefore, the appellant was not subjected to Double Jeopardy by being charged with both offenses, which were set out in separate counts and, by the appellant's motion, were tried in separate trials. This assignment of error is found to be without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED. We note that, although the verdict reflects that the appellant was found to be guilty of committing a felony after having been convicted of two former felonies, the judgment and sentence reflects that he was convicted of Shooting with Intent to Injure, After a Former Conviction of a Felony; the case is therefore REMANDED to the district court for a correction of the judgment and sentence.

CORNISH, J., concurs.

BRETT, P. J., dissents.

BRETT, Presiding Judge, dissenting:

This Court has held that if counsel does not ascertain during voir dire the competency of jurors, any error in empaneling the juror is waived. In the instant case, the questionable competency of this juror was ascertained and brought to the attention of the trial court during voir dire. In *Carr v. State,* 65 Okl.Cr. 201, 84 P.2d 42 (1938), this Court held:

> Every person charged with crime is entitled to a fair trial in conformity to the laws of the state, and it is a duty resting upon the courts to see that this guaranty conferred by the laws upon every citizen is upheld and sustained. And it is the duty of courts to see that the Constitutional rights of a defendant in a criminal case shall not be violated, however negligent he may be in raising his objection.

It has long been the law of this State that the Court may disqualify jurors on its own motion. *Colliers v. State,* 47 Okl.Cr. 339, 288 P. 388 (1930); *Brewer v. State,* 44 Okl.Cr. 361, 280 P. 473 (1929); *Kerr v. State,* 276 P.2d 284 (Okl.Cr.1954). When it

becomes evident that defense counsel was not going to question this juror about the prior jury service or challenge the juror for cause, the trial judge should have acted sua sponte to determine the competency of the juror. Jurors with such prior jury service have repeatedly been held not to qualify as impartial. *Odell v. State,* 89 Okl.Cr. 184, 206 P.2d 229 (1949); *Jean v. State,* 49 Okl.Cr. 409, 295 P. 233 (1931); *Weber v. State,* 44 Okl.Cr. 450, 281 P. 987 (1929); *Schrimpsher v. State,* 32 Okl.Cr. 371, 241 P. 201 (1925); *Temple v. State,* 15 Okl.Cr. 176, 175 P. 733 (1918).

However, as this juror was unfortunately empaneled to try this case, I cannot be sure that this appellant's right to have an unbiased and impartial finding on the evidence was fulfilled. This juror brought to the jury room knowledge about the appellant's prior conviction on a similar charge. This knowledge otherwise would not have been available to any juror in the instant case until the sentencing stage of trial. As a general rule, one is to be convicted, if at all, only by evidence of the offense charged. *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979). The impartiality of this jury, however, was jeopardized by the presence of the infected juror.

Accordingly, I would grant the appellant a new trial.