George CAMPBELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–718.

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, George Campbell, was convicted in the District Court of Tulsa County, Case Nos. CRF–83–3921, and CRF–84–199, of Shooting with Intent to Kill, After Former Conviction of Two or More Felonies, and Possession of a Firearm

After Former Conviction of a Felony, for which he received sentences of twenty years' and ten years' imprisonment, respectively. From these judgments and sentences he appeals raising five assignments of error.

The facts show that on November 3, 1983, shortly after 11:00 a.m., outside of an apartment complex in Tulsa, the appellant and three others were engaged in an argument. Subsequently, the appellant pointed a pistol at Terry Moore, who raised his hands. Appellant fired the pistol at Moore, but missed. The other two participants in the argument engaged in a mutual gun battle, resulting in the death of one, and the wounding of the other.

■ As his first assignment of error, the appellant argues that he was improperly convicted of two crimes arising out of the same criminal act or transaction. He cites *Bray v. Page*, 494 P.2d 339 (Okl.Cr.1972), which holds that "a single criminal act which incidentally violates more than one statutory provision may be punished under either provision, but may be punished only once." *Id.* at 340. In *Smith v. State*, 651 P.2d 1067 (Okl.Cr.1982), where the defendant had been convicted of Shooting with Intent to Injure, After Former Conviction of Two or More Felonies, we held that a charge of Feloniously Carrying a Firearm did not constitute double jeopardy because the State was required to prove an additional fact in that charge which it was not required to prove for the offense of Shooting with Intent to Injure. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Specifically, the State was required to prove in the firearms charge that the defendant was a convicted felon. As the *Smith* case is directly on point, we find this assignment of error to be without merit.

■ As his second assignment of error, the appellant alleges improper prosecutorial comments. The record reveals no objections to these allegedly improper remarks.

Therefore, this assignment or error was not preserved for review. *See Myers v. State*, 623 P.2d 1035 (Okl.Cr.1981). Furthermore, we find the comments, if error, were not such as to have determined the verdict of the jury, and were not so grossly improper as to require reversal or modification. *See Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980).

■ The appellant next complains that the trial judge improperly assigned the reading of the jury instructions to his bailiff in violation of 22 O.S.1981, § 856. This identical issue was addressed in *Hill v. State*, 638 P.2d 1128 (Okl.Cr.1981) in which this Court held that where instructions are read in open court in the presence and with the consent of the parties and their attorneys, any alleged error caused by the reading of the instructions by the bailiff is waived. The Court also noted in the opinion that the judge should read the instructions to the jury, but if unable to do so, the reason for assigning this task should be stated in the record. The record in the case at bar reveals that the trial judge stated his reasons, and both the prosecutor and the defense counsel stated that they had no objections. We therefore find this assignment of error to be without merit.

■ As his fourth assignment of error, the appellant contends that the trial judge abused his discretion in ordering the appellant's sentences to run consecutively rather than concurrently. As we have frequently stated, the decision to run sentences consecutively or concurrently is a matter left to the sound discretion of the trial court. *Lloyd v. State*, 654 P.2d 645 (Okl.Cr.1982). The appellant admitted during his cross-examination by the prosecutor that he had been convicted of petit larceny, grand larceny, attempting to obtain controlled drugs by a forged prescription, robbery with a firearm, and possession of a firearm after former conviction of a felony. We find that the trial court did not abuse its discretion.

█ Finally, the appellant asserts that the cumulative effect of the errors occurring at trial requires reversal, or modification of the sentence. This Court has consistently held that where there is no individual error, there can be no error by accumulation. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984). This assignment of error is likewise without merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.